### POLSTEIN v. BLAUNER.

(Supreme Court, Appellate Term. February 23, 1904.)

1. ACTION ON CONTRACT—BURDEN OF PROOF.
　　In an action on a contract, the burden of establishing his case by a preponderance of evidence remains on plaintiff throughout the case, and is not shifted by the making of a prima facie case.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Louis Polstein against James Blauner. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

Samuel Sturtz, for appellant.
Joseph Wilkenfeld, for respondent.

GIEGERICH, J.  The action is to recover damages for an alleged breach of contract for making certain alterations upon the premises known as No. 134 Rivington street, borough of Manhattan, New York City.  The pleadings are in writing, and the answer a general denial.

There was a conflict of testimony upon the question of the price to be paid for the work; also whether the defendant prevented the plaintiff from performing the contract, and whether or not there was to be any charge for drawing the plans and specifications.  The trial justice resolved the conflict in favor of the defendant, and we are unable to discover any ground for disturbing his conclusion.  He had the opportunity of observing the conduct and demeanor of the witnesses while upon the stand, and was therefore better able to judge of their credibility and determine the weight to be attached to their testimony than we are.

It was incumbent upon the plaintiff to establish his case by a fair preponderance of the evidence.  The mere fact that he may have made out a prima facie case did not shift the burden of proof; on the contrary, it remained with him throughout the case.  His testimony upon certain points was greatly weakened, if not wholly destroyed, upon cross-examination, and hence it cannot be held, as claimed by him, that the preponderance of evidence is clearly in his favor, even though he may be corroborated on other points by another witness.  We are of the opinion that the judgment was right, and should be affirmed, with costs.

Judgment affirmed, with costs.  All concur.