Crew, J.
On the trial of this cause in the court of common pleas, at the request of counsel for the *131 plaintiff, William H. Hunk, the court gave to the jury the following special instruction:
“If you should find from the preponderance of the evidence that the plaintiff was injured as stated in his petition and that he received the injury by reason of any defect in the water gauge or glass attached to the locomotive while he was acting as an employe of the defendant company, then the defendant is deemed to have knowledge of such defect and the fact of such defect is prima facie evidence of negligence on the part of the defendant company. This means that in the absence of any other evidence in the case bearing on the knowledge of the defendant company it would require you to presume that the defendant was negligent. If such presumption arose in the case to overcome the effect of the knowledge so presumed by the statute, the defendant company would have to show that in fact it did not have such knowledge and could not have had it by the exercise of reasonable care, and that it used due diligence to ascertain and remedy the defect, or to put it another way, the burden of overcoming the presumption or inference of negligence rested upon the defendant company and it was required to satisfy you by a preponderance of the evidence that it was not negligent”
In the general charge the court further instructed the jury as follows:
“If you find from the evidence that said water glass was then and there defective, and that plaintiff received said injuries in consequence thereof, then such is prima facie evidence of negligence on the part of the defendant. This, however, does not preclude the defendant from rebutting such prima facie evidence of negligence by showing that it had not in *132 fact knowledge of the defect, and that it was not guilty of negligence.
“In order to overcome such presumption the defendant must show, by a preponderance of the evidence, that it did not at the time of the bursting and breaking of said water glass have such knowledge, and that it could not have obtained such knowledge by the use of ordinary care, skill and diligence. ’ ’
Each of the above instructions was held and adjudged by the circuit court to be erroneous in that, each imposed upon the railway company the obligation of producing a preponderance of evidence in order to meet and rebut the prima facie presumption of negligence raised against it by the statute, upon proof of certain facts by the plaintiff. The correctness of this judgment of the circuit court is the sole question presented by the record in this case, for determination by this court. It is claimed by counsel for plaintiff in error in support of the instructions given, that the same were fully authorized and warranted in the present case by section 3365-21, Revised Statutes. This section applies to railroad corporations only, and is as follows: “It shall be unlawful for any such corporation to knowingly or negligently use or operate any car or locomotive that is defective, or any car or locomotive upon which the machinery or attachments thereto belonging are in any manner defective. If the employe of any such corporation shall receive any injury by reason of any defect in any car or locomotive, or the machinery or attachments thereto belonging, owned and operated, or being run and operated by such corporation, such corporation shall be deemed to have had knowledge of such defect before and at the time such injury is so sustained, and when the fact of such defect shall *133 be made to appear in the trial of any action in the courts of this state, brought by such employe, or his legal representatives, against any railroad corporation for damages, on account of such injuries so received, the same shall be prima facie evidence of negligence on the part of such corporation. ’ Undoubtedly the effect of this statute is to create a prima facie presumption of negligence against the railroad corporation whenever, in an action brought by an employe against such corporation for damages on account of an injury received, it shall be made to appear that the injury complained of, resulted from and was occasioned by some defect in a car or locomotive or the machinery or attachments thereto belonging, owned, run or operated by said corporation at the time of such injury. But while the effect of this statute, — in the cases to which its provisions apply,— is to so modify the rules of evidence as to make the proof of such defect prima facie evidence of negligence on the part of the corporation, yet this statute neither changes nor affects the rule as to the quantum or degree of evidence sufficient or necessary to rebut and control the prima facie case thus raised; The general rule would seem to be well established by an almost unbroken line of authority, — that to rebut and destroy a mere prima facie case, the party upon whom rests the burden of repelling its effect, need only produce such amount or degree of proof as will countervail the presumption arising therefrom. In other words, it is sufficient if the evidence offered for that purpose, counterbalance the evidence by which the prima facie case is made out or established, it need not overbalance or outweigh it. Chief Justice Deemer in Gibbs v. Bank, 123 Ia., 742, states the rule thus: “When a prima facie case is made *134 out by presumption or otherwise, in order to destroy its effect and shift the burden of producing further evidence the party denying it must produce evidence tending to negative the claim asserted to a point where, if no more testimony is given, his adversary cannot win by a preponderance of the evidence. Smith v. Sac County, 11 Wall., 139 (20 L. Ed., 102); Stewart v. Lansing, 104 U. S., 505 (26 L. Ed., 866); Foster v. Hall, 12 Pick., 89 (22 Am. Dec., 400); M. P. R. R. v. Brazzil, 72 Tex., 233 (10 S. W. Rep., 403). It is clearly a misnomer of terms to say that the burden of proof swings like a pendulum from one side to the other during the progress of a trial. All that is meant is that the duty of introducing evidence to meet a prima facie case shifts back and forth. Pease v. Cole, 53 Conn., 53 (22 Atl. Rep., 681; 55 Am. Rep., 53). The burden of proof at all times rests upon him who affirms. 1 Taylor on Evidence (9 ed.), 276; Am. Notes, 12; Willett v. Rich, 142 Mass., 360 (7 N. E. Rep., 776; 56 Am. Rep., 684); Heinemann v. Heard, 62 N. Y., 488.” In Scott v. Wood, 81 Cal., 398, Hayne, C., commenting upon an instruction given by the trial court in that case, touching the quantum of evidence necessary to rebut a prima facie case, says: '“We think that the court erred in telling the jury that the defendant was required to have a preponderance of testimony upon the question mentioned. The term ‘burden of proof’ is used in different senses. Sometimes it is used to signify the burden of making or meeting a prima facie case, and sometimes the burden of producing a preponderance of evidence. These burdens are often on the same party. But this is not necessarily or always the case. And it is by no means safe to infer that because a party has the burden of meeting a prima facie case, therefore *135 he must have a preponderance of evidence. It may be sufficient for him to produce just enough evidence to counterbalance the evidence adduced against him.” Perhaps one of the best statements to be found of the rule now under consideration, is that given by Chief Justice Shaw in Powers v. Russell, 13 Pick., 76, as follows: “It may be useful to say a word upon the subject of the burden of proof. It was stated here that the plaintiff had made out a prima facie case, and, therefore, the burden of proof was shifted and placed upon the defendant. In a certain sense this is true. Where the party having the burden of proof establishes a prima facie case, ■and no proof to the contrary is offered, he will prevail. Therefore, the other party, if he would avoid the effect of such prima facie case, must produce evidence, of equal or greater weight, to balance and control it, or he will fail. Still the proof upon both sides applies to the affirmative or negative of one and the same issue, or proposition of fact; and the party whose case requires the proof of that fact, has all along the burden of proof. It does not shift, though the weight in either scale may at times preponderate.” The rule as announced in the authorities above cited finds additional support in the following cases: Lamb v. Camden & Amboy R. R. & T. Co., 46 N. Y., 271; Atkinson v. The Goodrich Transportation Co., 69 Wis., 5; Heinemann v. Heard et al., 62 N. Y., 448; Willett v. Rich, 142 Mass., 356; Cass v. Boston & Lowell Railroad Co., 14 All, 44.8; Polstein v. Blanner, 86 N. Y. Supp., 794; Central Bridge Corporation v. Butler, 2 Gray, 130. In the present ease the cause of action pleaded and relied upon by plaintiff, is grounded solely upon the alleged negligence of the defendant railway company. The *136 general denial in the answer of the railway company pnt in issue every allegation of fact in the petition, necessary to establish in the plaintiff a right to recover, and the allegation of negligence being the allegation of a material and affirmative fact, the burden, at all times, was upon the plaintiff to establish such fact by a preponderance of the evidence. “During the progress of a trial it often happens that a party gives evidence tending to establish his allegation, sufficient it may be to establish it prima facie, and it is sometimes said that the burden of proof is then shifted. All that is meant by this is, that there is a necessity of evidence to answer the prima facie case or it will prevail, but the burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial.” Heinemann v. Heard, supra. Whether, in the case at bar, the defendant railway company was guilty of such negligence as would create a liability against it depended upon the whole of the evidence, as well that, which by force of the statute constituted a prima facie case against the defendant, as all the other evidence produced by plaintiff tending to corroborate, and by the railway company tending to rebut, the charge of negligence made against it. And if upon the whole case defendant’s negligence was not established by a preponderance of the evidence, or if upon all the evidence adduced upon that issue, the case was left in equipoise, the defendant was entitled to a verdict, and the jury should have been so charged. Instead, the jury was instructed by the trial judge, that to overcome the presumption or inference of negligence raised against it by the statute, the defendant company “was required, to *137 satisfy you by a preponderance of the evidence that it was not negligent.” This, we think, for the reasons above stated, was clearly misleading and erroneous.
The case of Railway Company v. Erick, 51 Ohio St., 146, is not in conflict with the authorities above cited, nor inconsistent with the views herein expressed. In that case, as stated in the opinion, all the requests to charge, were based on the law as it stood prior to the enactment of section 3365-21, Revised Statutes. And while the court there determined, that the effect of this enactment was, — certain facts being made to appear, — to raise a prima facie presumption of negligence against the company, and to impose upon it the burden of answering and rebutting by proof, the presumption, or prima facie case so created. Yet, the question of the degree of evidence necessary to be produced by the defendant company, in order to meet and overcome the presumption, or prima facie case so raised, was neither discussed nor determined. We find no error in the record and judgment of the circuit court, and its judgment is therefore

Affirmed.

Shatjck, C. J., Price, Summers, Spear and Davis, JJ., concur.