Mr. Justice MILLER
delivered the opinion of the court.
The plaintiff sets-out in his petition all the proceedings, by vote of the county, which he deems necessary to authorize the issue of the bonds, with a copy of one of the bonds and coupons, and after describing, by number and otherwise, twenty-five of the coupons, avers that he is the owner and holder of them, that he received them in good faith before maturity and paid value therefor, and that the same are valid and legal claims against the county.
The defendant answers, denying each and every allegation of the petition, and then sets up. that the bonds were issued without authority of law, failure of consideration, and other defences.
The denials of the first part of the answer, though not strictly in the form required by the rule, put in issue every material fact alleged in the petition. It therefore made an issue on the plaintiff’s allegation that he became the holder ,of said coupons before maturity, and that he paid value therefor, so far as that might become material to be shown on the trial.
. The parties having by stipulation submitted the case to the court without a jury, and the court made a special finding of facts, on which it held the law to be for defendant, and rendered a judgment accordingly, the question before us is, whether the judgment is justified by the facts found?
Treating the bonds and coupons sued on in this case, *147 which are payable to bearer, as negotiable paper, and conceding to its fullest extent the protection which commercial usage throws around such paper in the hands of a bond fide purchaser for value before maturity, it is nevertheless undoubtedly true that circumstances may be shown in connection with the origin of such paper, which will devolve upon the holder the burden of showing that he did give value for it before maturity. This principle is asserted in the text books of Chitty,* Story,† Parsons,‡ an<^ others, and is so laid down and sustained by numerous citations of authorities by the learned American annotator of Smith’s Leading Cases, p. 752. In one of the latest of the English cases, Hall v. Featherstone,§ Pollock, C. B., says: “ If there are any circumstances in the nature of fraud or illegality which can be left to the jury, proof of these circumstances will cast on the. plaintiff the onus of showing that he gave value for the bill.” To which Martin, Baron, added: “ I think there -was, at the close of the defendant’s case, evidence for the jury in support 'of the plea. The authorities have established a principle which is contrary to the general rule, by which a defendant is bound to prove all the facts necessary to constitute a defence.” Aud Bramwell said: “ The cases have established that if there be fraud or illegality in the inception of a bill or in the circumstances under which it was taken by the person who indorsed it to plaintiff, he must prove consideration. That is established beyond controversy.”
With this statement of the law on that subject, we approach the examination of the facts found by the court.
The fifth finding is, “that the county judge in fact signed, sealed, and delivered said bonds and coupons at Fort Dodge, in the County of Webster, and State of Iowa, and not within the County of Sac: and that the contractor, Meservy, gave one of said bonds as a gratuity to the county judge as soon *148 as the same were delivered by said county judge to said Meservy, and no court-house was ever built by said contractor or any other person in pursuance of said contract.”
\ Now the coupons sued on, being part .of the transaction here referred to, was there not enough in what the court, finds to devolve upon the plaintiff the necessity of showing that he purchased for value? In the language of Chief Baron Pollock, “ were there not circumstances in the nature of fraud, proof of which cast on the plaintiff the onus of showing that he gave value for the bonds ?” They are circumstances from which'no court or jury could fail to find fraud in the inception of the bonds on which he sued. Besides he had, perhaps unnecessarily, but expressly, averred that he had paid value, and this had been denied by defendant, so that the issue was fairly raised by the pleadings. He not only failed to prove that he gave value, but it does not appear that he offered any evidence to that effect. The bill of exceptions, which recites much that was offered and submitted in .evidence, is silent on this point.
The sixth finding of the court is that the plaintiff was, at •the time of commencing this action, and still is, the holder and owner of the twenty-five coupons declared on in the petition, that he became such holder by transfer thereof to him before maturity, and after the entry of the proceedings on the minute-book, &c.
It must be taken, then, that plaintiff did not show that he was a holder for value; There is neither finding nor evidence that he gave value, and the statement that he became the holder by transfer before maturity, does not imply that he was a purchaser in any sense or received them on any consideration whatever.
Under these circumstances the plaintiff’ can occupy no better position than Meservy, to whom the bonds were originally delivered by the county judge.
If Meservy had been plaintiff, ought the judgment to have been other than what it is on the record presented to us?
He contracted to build the court-house and never built it *149 or attempted to do so. He received under this contract ten thousand dollars of what- purported to be the bonds of the county. These bonds were signed, and the county seal, which was necessary to their validity, affixed by a person assuming to act as county judge in another county, at the place where Meservy resided, and as soon as the transaction was completed one of the bonds was given by Meservy as a gratuity to the person who had thus played the part of county judge. That the county judge should have left his own county and his official place of business, should have put the seal of the county in his pocket, and gone to meet Meservy in a place without the limits of his jurisdiction, should there have concocted these bonds, and on delivering ten of them to Meservy have received back one of them without any consideration but Meservy’s satisfaction at the completion of the transaction, and that this should create in Meservy’s favor a right of action against the county, is more than we can affirm. That the court-house was not built is only the natural result of such a proceeding. That the bonds should turn up in the possession of some one else was to be expected. But to' hold that, after all this was shown in defence, such holder should have a judgment on those bonds, without any proof that he purchased them for value or that lie gave any consideration for them at all, is in our judgment pushing the doctrine which gives sanctity to negotiable paper beyond any just principle or any decided case.
"We think the judgment of the Circuit Court was right, and it is accordingly
Affirmed.

 Chitty on Bills, 260, 648.

 Story on Promissory Notes, § 196.

 2 Parsons on Notes and Bills, 438.

 3 Hurlstone & Norman, 284.