Nicholson, C. J.,
delivered the opinion of the court.
In January, 1866, Bartlett, Gould & Heath sued Plora Turley in the Circuit Court of Shelby county, on a note for $692, dated December 11, 1865, payable thirty days after date to the order of Bartlett, Gould & Heath. Defendant pleaded nil debit and various special pkas, of which the following is the substance: “That one John Pettit obtained from ptaintiff a sum of money about the amount of said note, by false and fraudulent pretenses as alleged by plaintiff *222 and they or their agent had said Pettit arrested on a charge of obtaining money under false pretenses, and that they subsequently dismissed said charge and prosecution in consideration that said Pettit had or would pay or secure to them the said sum of money, so by him alleged to have been falsely and fraudulently obtained from them, and said Pettit having secured defendant’s signature to the said note on or about the date of the same, upon false and fraudulent representations, delivered the same to plaintiffs in payment of said sum of money and in pursuance of said illegal agreement and understanding between plaintiffs and Pettit; that defendant was entirely ignorant and uninformed as to the real use to which Pettit intended to put said note, and knew nothing whatever concerning the real state of facts between plaintiff and Pettit, and of the illegal agreement between .them; wherefore,” etc.
The next plea sets out the false representations made by Pettit, who came to her in company with a clerk of plaintiffs’, upon which false representations she executed the note as an accommodation to said Pettit, and that he delivered the same to plaintiffs in payment of a pre-existing debt due by Pettit to them.
The other pleas omit any specifications as to the false and fraudulent representations of Pettit, but charge that plaintiffs knew of said false and fraudulent representations of Pettit and acted in privity with him in procuring plaintiff to execute the note.
The special pleas were all demurred to and the demurrers sustained, leaving only the general issue, on which the parties went to trial.
*223 The evidence substantially sustains the several facts specifically set out in the special pleas, all of which was rejected by the court. Plaintiffs then objected to defendant’s offering any testimony under the general issue which tended to show that the note in question was given to plaintiffs in consideration that they would suppress a prosecution against John Pettit for obtaining money under false pretenses from plaintiffs, or that defendant’s signature to the note was obtained by one John Pettit, by false and fraudulent representations, to which plaintiffs were privy; or any other matter which amounted to the same defenses that were attempted to be set up in the pleas that had been demurred to and held by the court insufficient as defenses to the action; and therefore the court sustained said objection and announced to defendant’s counsel that they would not be permitted to introduce any testimony on said points. “The court then charged the jury that they must look to the evidence and see if the defendant gave to plaintiffs the note in question, and if so, must find a verdict in favor of plaintiffs.” Accordingly, the jury found for plaintiffs $791, from the judgment therein defendant has appealed in error.
The correctness of the action of the court in excluding all testimony going to show that the note sued on, was procured by false and fraudulent representations made by Pettitt to defendant, and that plaintiffs were cognizant of these fraudulent appliances, and secured the note so procured in satisfaction of their claim on Pettit in consideration of dismissing the prosecution against him, has not been earnestly *224 maintained in the argument for plaintiffs. The court was evidently led into the error by yielding hastily to the argument on which the demurrers to the special pleas were sustained.
The substantial averments in the special pleas were, that plaintiffs had Pettit under arrest for a felony— that they agreed to dismiss the prosecution if he would pay or secure a debt of $692 which he owed them — that in pursuance of this agreement Pettit, in company with plaintiffs’ clerk, came, and by false representations, procured defendant to execute her note to plaintiffs for the amount of Pettit’s debt, and that, in consummation of the illegal agreement between plaintiffs and Pettit., they received defendant’s note in satisfaction of their claim.
It is conceded that according to the authorities in Tennessee, if defendant had executed her note to Pettit and he had endorsed it to plaintiffs in payment of a pre-existing debt, they could not recover on it as bona fide holders. But it is- insisted that, as defendant made her note directly to plaintiffs, and that as it passed to them from Pettit by delivery and not by endorsement, plaintiffs can recover as bona fide holders. But how could plaintiffs be bona fide holders when the plea avers that the note was procured from defendant to carry out an illegal agreement between plaintiffs and Pettit, and that plaintiffs 'received it from Pettit in consummation of that illegal agreement? The plaintiffs certainly knew that defendant did not owe them $692, yet they receive from Pettit, in payment of his debt’ to them of that amount, defendant’s *225 note not payable to Pettit but payable to themselves. In so doing, they not only furnish strong presumptive evidence that they knew the note had been procured to enable Pettit to compromise the felony and release himself from arrest, but they subjected themselves at once to the general rule, that as between any of the immediate or original parties to a contract, the "failure or illegality of consideration may be inquired into. As between plaintiffs who are the payees of the note and defendant who is the payor, the question of fraud in its procurement by Pettit, as well as the failure and illegality of its consideration, were open to proof. Smith v. Sac County, 11 Wall., 146. The rule as to the rights of bona fide holders of negotiable paper can have no application to the relation that subsisted between plaintiffs and defendant. It is not necessary for us to determine whether or not the court below was in error in sustaining the demurrer to the special pleas on account of any defects in the averments therein, as it is clear there was error in rejecting the evidence offered to sustain those pleas, and in charging the jury that it was only necessary for them to be satisfied that defendant executed the note, to entitle the plaintiffs to a verdict.
Eor these several errors, the judgment is reversed and a new trial awarded.