THE FARMERS' STATE BANK OF SOLOMON CITY v.
NATHAN BLEVINS.

NOTE, *Pledged—Rights of Pledgee—Limit of Recovery.* Where negotiable promissory notes, pledged to an innocent holder to secure a preëxisting debt due from the payee to the pledgee, are subject to equitable defenses as between the maker and payee, and are of a greater amount than the preëxisting debt, the recovery of the pledgee against the maker is limited to the amount of the preëxisting debt.

*Error from Dickinson District Court.*

ACTION to recover on certain promissory notes pledged as collateral security. Judgment for the plaintiff *Bank*, at the May term, 1888. The plaintiff, not satisfied with the amount of the judgment, brings the case here. The facts appear in the opinion.

*Garver & Bond*, for plaintiff in error.

Opinion by SIMPSON, C.: The Farmers' State Bank, as plaintiff in the court below, brought this action against defendant in error on three notes, made June 13, 1887, by defendant to one J. H. Brady, and by Brady indorsed and transferred to plaintiff before maturity, as collateral security for certain indebtedness then owing from Brady to said bank. The notes sued on were for the aggregate sum of $5,000, with interest at the rate of 8 per cent. from their date. No part of said notes had been paid. They secured a debt of $4,367.63. On the trial the defendant pleaded, and attempted to prove, a failure of consideration for said notes; but the court, having found that plaintiff was a *bona fide* holder for value before maturity, and without notice of any defenses thereto, refused to hear the evidence offered by defendant as to the claimed invalidity of said notes, and rendered judgment thereon in favor of plaintiff for $4,367.63, the amount of the indebtedness from Brady to plaintiff which said notes were security for. The plaintiff claimed judgment for the full amount of the collateral notes, which claim was denied by the court, and exceptions to the ruling taken by plaintiff.

The only question for determination by this court is, whether, in an action against the maker of notes which have been transferred before maturity to an innocent and *bona fide* holder as collateral security for an indebtedness existing between the payee of such notes and the indorsee, the indorsee and holder is entitled to recover against the maker the full amount of such collateral notes, where such amount exceeds the indebtedness which they were transferred to secure, without regard to any defenses that may exist between the original parties to such notes; or whether, in such a case, the right of the plaintiff to recover is limited to the amount of the principal debt. The plaintiff in error in this case has no interest in the question, except as the decision of the court below might involve it in a controversy with Brady, should he call upon it to account for the difference between the amount of the collateral notes and the debt he was owing to the bank.

No trial or determination was had as to the merits of the defense made against the notes, and it does not appear at this time whether, as between Brady and Blevins, the full amount thereof could be collected. It is said that Brady may demand of the bank to account to him for the full amount of these notes, and that it cannot defend against such claim by saying that the surplus over its debt was not collected because Blevins had a defense to them as against Brady. If the bank is limited in its right to recover to the amount of its claim against Brady, the right to the balance of the notes being undetermined, can Blevins be subjected to another action by Brady to recover such balance? Brady, or his assignee, must have his day in court before he can be deprived of any portion of these notes; but, if the bank can only recover to the extent of its interest, and Brady is given the right to sue for the balance of the notes, do we not subject Blevins to two actions for the same cause? On the other hand, it does not seem just that Blevins shall be deprived of his defenses, except to the extent of the actual interest of the bank, simply because the bank took the notes before maturity in good faith and without notice of such defenses.

The question involved in this case is not presented in a fair attitude by the plaintiff in error. At the commencement of this action to recover on the notes as pledgee, the bank ought to have made Brady a party. He was the payee of the notes sued upon. He had transferred them by indorsement to the bank, which claims to be an innocent holder for value. Even after Blevins filed his answer setting up his various defenses as against Brady, and the knowledge of the bank of these equitable defenses, the bank, for protection against Brady, ought to have made Brady a party, as it now insists upon a recovery for the full amount of the notes; and yet it is shown that Brady's preëxisting indebtedness to the bank is less than the face of the notes and interest. As Brady was not a party then, and is not now, he will not be bound by the decision of this court on the question presented.

As to the controversy between the bank and Blevins, re-

specting the amount of the recovery, we think the ruling of
the trial court was right. Where negotiable promissory notes,
pledged as collateral security, are subject to equitable defenses,
as between the maker and payee, and the collateral securities
are of greater amount than the preëxisting debt of the payee
to the pledgee, the recovery of the pledgee against the maker
is limited to the amount of the preëxisting debt. This is the
text of § 92, p. 123, of Colebrooke on Collateral Securities,
and it is supported by many cited cases, notably, that of *Bank
v. Hemingray*, 34 Ohio St. 381. It is said in that case:

. "If the pledgee sues the maker, the latter may attempt a
complete defense, without, in case of failure, thereby incur-
ring a liability to pay to the pledgee anything in addition to
the amount of the debt secured by the notes."

In this case we note the equitable defenses made by the
pleadings. It is true that, under the rulings of the trial
court, the defendant in error was not allowed to show them,
but he should have been permitted to have done so, for the
purpose of limiting the recovery of the bank to the amount
of the preëxisting indebtedness of Brady to the bank. (34
Ohio St. 381.) The trial court finds that amount, however,
and also finds that there is a controversy between Brady and
Blevins respecting said notes, and we regard these findings
as sufficient to make the rule above stated applicable to the
facts presented in this record. This same rule applies in
cases of fraud by the payee against the maker, or where there
is a failure of consideration, or where the paper indicates the
amount it can be pledged for, or where the paper is subject
to equitable set-offs, or in cases of accommodation paper, or
in cases of misappropriation between makers, payees, or in-
dorsers, and possibly in other cases. The trial court finds
that the bank is an innocent holder for value of the notes
sued upon, and there is no doubt but that the bank, taking
these notes under these circumstances, is protected against
equities. (1 Daniel, Neg. Inst., § 832, and the many authori-
ties cited in the foot-note.) We apprehend that the degree
of protection afforded the bank, by reason of being a *bona*

*fide* holder for value, is measured by the extent of the pre-existing obligation.   It is said in this same section:

" When it appears that the bill or note was acquired by the holder as collateral security for a debt, he is entitled to recover upon it; but he is still limited to the amount of the debt, if there be a valid defense against his transferer."

This text is supported by the cases of *Duncan v. Gilbert*, 30 N. J. Law, 527; *Fisher v. Fisher*, 98 Mass. 303; *Stoddard v. Kimball*, 6 Cush. 469; *Chicopee Bank v. Chapin*, 8 Metc. 40.   We are not aware that this question has ever been passed upon by this court, but we think that the doctrine that the pledgee cannot recover more than the amount of the debt of the pledgor is in accord with natural justice; and, while we hesitate to state that as a rule, yet we do think that any other rule, or any exceptions to or limitation of this doctrine, ought not to be indulged in without great caution.   It is true that cases can be found that hold that the pledgee can recover the full amount expressed by the face of the collateral paper, without reference to the amount of the debt secured thereby, where none of the limitations heretofore referred to exist; but, without a special examination of them, we expect that it will be found that in such cases the payee and indorser are parties as well as the holder and maker, or else that none of the questions that affect the *bona fides* of the pledgee or the equities between maker and payee, were raised by the pleadings.   Be that as it may, upon the question now before us, and under the circumstances surrounding it, we recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.