## PAUL S. REEVES & SON, Defendants in Error, v. W. T. LETTS, Plaintiff in Error.

### Kansas City Court of Appeals, May 2, 1910.

1. **BILLS AND NOTES: Innocent Purchaser: Security or Payment.** Where the payee of a note, before its maturity, delivers it to a third person in payment of an indebtedness from such payee to such third person, and the latter without any knowledge of any infirmities therein, accepts it, not as security, but as payment of such indebtedness of such payee, such third person takes it free of any equities existing as between the maker and payee of said note, and it is immaterial whether or not the maker of the note received any consideration for the execution thereof.

2. ———: ———: ———: **Burden of Proof.** If proof is made that a note originated in fraud, the holder must show that he purchased it before due, in good faith and for value. If such proof is made the maker must then show that the holder had actual notice of its infirmities. Knowledge of facts putting one on inquiry, or mere suspicion, will not do; there must be actual notice.

3. ———: ———: ———. In this case there was not sufficient evidence of knowledge of any infirmity in the note to authorize the submission of such issue to the jury, and the court properly directed a verdict for plaintiffs.

Error to Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED.

*James Moran* for plaintiff in error.

(1)  Under the facts, it is impossible for plaintiffs to be innocent holders of the note in suit, for the reason, that they received it from an insolvent corporation organized under foreign laws. The note was made and delivered in this state, and plaintiffs made no inquiry as to laws of this State relating to the validity of

such a note; made no inquiry as to whether or not, the corporation from whom they received the note, had complied with the laws of this State. Leavitt v. Taylor, 163 Mo. 159; Hahn v. Bradley, 92 Mo. App. 399; Wilson v. Riddler, 92 Mo. App. 335. (2) The court erred in giving a peremptory instruction to find for plaintiffs. The jury were the sole judges of the facts, and the credibility of the witnesses and it was within their province to disregard the uncontradicted testimony of any interested witness; and under the issues the court had no right to invade this province of the jury, and peremptorily direct their action in the premises. Bank v. Hammond, 124 Mo. App. 177; Bank v. Hammond, 104 Mo. App. 403; Smith v. Mohr, 64 Mo. App. 39; Goodin v. Buhler, 65 Mo. App. 289; Hugumin v. Hinds et al., 97 Mo. App. 352.

*Groves & Beery* for defendant in error.

Defendants in error, having taken the note sued on, from the Grecean-Derby Engineering Company, in full payment and satisfaction of their claim against that Company, became purchasers for value, and having obtained the note before due, and without notice of any failure of consideration as between the original parties, were entitled to judgment for the full amount due thereon. Bank v. Leeper, 121 Mo. App. 695; Langford v. Varner, 65 Mo. App. 370; Fitzgerald v. Barker, 96 Mo. 664.

JOHNSON, J.—This action was brought before a justice of the peace by the indorsees of a negotiable promissory note. The answer admits the execution of the note but alleges that it was procured by fraud practiced on defendant, the maker, by the payee. A trial in the justice court resulted in a victory for defendant, who was given a verdict against plaintiffs on a counterclaim he filed with his answer. Plaintiffs appealed and

a trial in the circuit court ended in a directed verdict for them. Defendant then brought the case here on a writ of error.

The note was dated July 22, 1905, and was payable to the order of the Grecean-Derby Engineering Company, three hundred and forty-six days after date. The principal was one hundred dollars, and the note bore interest from date at six per cent per annum. The payee was a New Jersy corporation doing business at Perth Amboy in that State. Defendant is in business at St. Joseph, and the note was given in part payment of the purchase price of a nailing machine purchased by defendant of the payee. The evidence of plaintiffs tends to show that defendant was defrauded in the sale and, consequently, that the payee procured the note by fraud.

Plaintiffs, who are in the business of brass founding and smelting at Perth Amboy were creditors of the Grecean-Derby Engineering Company on account of sales of merchandise to that company and on March 25, 1905, received a promissory note for $96.18, payable three months after date in settlement of that indebtedness. The note was protested at maturity for non-payment, and the amount due on it August 15, 1905, including protest fees, was $97.58. On that date, plaintiffs became the indorsees of the note in suit. The evidence shows beyond dispute that they accepted the note in full payment of the debt evidenced by the note of the engineering company. Defendant contends they took it merely as security for that debt, and points to the omission from the evidence of any reference to the disposition made of the note of the Engineering Company; but had it appeared that the note of the Engineering Company was not cancelled and returned, that fact alone would have but little evidentiary value. The note was but evidence of the indebtedness and the debt could be cancelled and discharged without its return. Without repeating the evidence, we find it clear and convinc-

ing that the note in suit was indorsed to plaintiffs and accepted by them on the express agreement that it discharged and cancelled the debt of the indorser to the indorsees. The transaction amounted to a purchase of the note in suit by the indorsees before maturity and they held it free from the equities between the original parties, unless, at the time of the purchase and indorsement, they had actual knowledge of the infirmity or defect, or knowledge of such facts that their action in taking the instrument amounted to bad faith.  [Laws 1905, p. 250, sec. 56.]

We said in Bank v. Leeper, 121 Mo. App. 694: "The law is that if one purchases a negotiable note in the usual course of business for value before due without notice of any infirmity therein he can hold the maker though such maker received no consideration therefor. If such note is shown to have originated in fraud the holder must then show that he purchased bona fide before due and for value.  'When the general proof is made by the holder that he received the paper before due, *bona fide* and for value, it then devolves upon the maker to prove the holder had actual notice of the specific facts which would render it originally invalid.' [Johnson v. McMurray, 72 Mo. 278.]  Mere knowledge of facts which would ordinarily put one on inquiry will not do, there must be actual notice.  [Hamilton v. Marks, 63 Mo. 177; Jennings v. Todd, 118 Mo. 296; Mayes v. Robinson, 93 Mo. 114; Donovan v. Fox, 121 Mo. 236; Borgess v. Vette, 142 Mo. 573.]  And it is well settled that mere suspicion that a negotiable note is without consideration, or was obtained by fraud brought home to the transferee before he acquires the note, will not be sufficient to defeat a recovery."

Following this rule, we approve the action of the trial judge in directing a verdict for plaintiffs.  There is no evidence in the record to support a reasonable inference that they had knowledge of the infirmity and there is abundant evidence to show they had no such

knowledge, but purchased the note in good faith. In such state of case, there was no issue of fact to send to the jury. [Bank v. Hainline, 67 Mo. App. 483.]

The judgment is affirmed. All concur.