## South Side Bank of Scranton *v.* Raine, Appellant.

Argued January 25, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

562

*George Morrow,* for appellant.—The error of the court below was in holding that Raine's note was an accommodation paper, which could be used for the payment of a preëxisting debt. On the contrary, the note was not one of accommodation but was given without consideration for a specific purpose, and his defense was that it had been fraudulently used by the payee and the bank: Royer v. Bank, 83 Pa. 248; Cummings v. Boyd, 83 Pa. 372; Smith v. Hine, 179 Pa. 203; Carpenter v. Bank, 106 Pa. 170; First Nat. Bank v. Rogers, 198 Pa. 627.

*T. A. Donahoe,* for appellee.—It is a well-settled principle of law in Pennsylvania that one taking negotiable paper in due course, as collateral security, is, for all practical purposes, the owner of it without regard to equities between the original parties of which he has no notice, whether arising out of the original transaction or from subsequent dealings, and that one receiving negotiable paper, as collateral security, is entitled to be protected, as a bona fide holder, to the same extent and under the same circumstances as one who becomes the owner of such paper: Munn v. McDonald, 10 Watts 270; Ege v. Kyle, 2 Watts 222; Miller v. Pollock, 99 Pa. 202; Philler v. Woodfall, 2 Pa. Dist. 390; Smith v.

Hogeland, 78 Pa. 252; Spering's App., 10 Pa. 235; Second Nat. Bank v. Morgan, 165 Pa. 199; Matthews v. Long, 3 W. N. C. 512; Blanton v. Craven, 173 Pa. 374; Real Estate Investment Co. v. Russell, 148 Pa. 496; Camden Nat. Bank v. Fries-Breslin Co., 214 Pa. 395.

It was the duty of the court to give binding instructions in favor of the plaintiff to the extent of its claim, to wit, $2,500 dollars: Second Nat. Bank v. Hoffman, 233 Pa. 390; First Nat. Bank v. Cauffiel, 300 Pa. 175; Putnam v. Oil Co., 272 Pa. 301; Longacre v. Robinson, 274 Pa. 35; Ebensburg Trust Co. v. Pipe, 296 Pa. 462; Wood v. Wood, 263 Pa. 521; U. S. Bank v. Evans, 296 Pa. 541.

OPINION BY MR. JUSTICE MAXEY, March 14, 1932:

The South Side Bank of Scranton, hereinafter referred to as the Bank, sued Charles Raine for the sum of $5,000 with interest. The cause of action was a promissory note for $5,000 signed by Raine dated March 25, 1927, payable three months after date to the order of S. S. Spruks at the Lincoln Trust Company. April 16, 1927, Spruks discounted at the Bank a collateral note made by him and payable six months after date, in renewal of a collateral note discounted by him on October 6, 1926, and as collateral for the renewal note he placed with the South Side Bank the promissory note of Charles Raine for $5,000 which is now being sued upon. Spruks did not pay his note for which the $5,000 note was collateral and on the day on which the Raine note was due, the Bank endorsed it for collection and it was duly presented at the Lincoln Trust Company for payment. The note was marked "Not provided for by maker" and was duly protested.

The testimony of the bank cashier was to the effect that the note of Raine was taken by the Bank as security for Spruks's note, that it was taken before it was overdue, that the Bank had no notice of any infirmity in the instrument or defect in the title of the person negotiat-

ing it; in other words, a prima facie case was made out by the Bank as a holder in due course.

The substance of defendant's testimony was that the note sued upon was the third note of a series of three notes made by Raine. That the first and second of the series were notes made by him to the Burwood Projector Company, in which company Spruks was a director, and that these Burwood Projector notes had been delivered to Spruks with the latter's full knowledge that an agreement existed between Raine and the Burwood Projector Company that these notes were not payable until stock of that company had been delivered to Raine. No such stock was ever delivered and the company is now defunct. Raine testified that the cashier of the Bank also knew that the Burwood Projector notes were not absolute obligations to pay but were obligations conditional on the delivery of stock of the company to Raine. Raine admitted that the two notes he had discussed with the Bank were the two notes made payable to the Projector Company and that he never had a talk with the cashier of the Bank with reference to the note sued upon. This latter note was made out not to the Projector Company but to Spruks.

The court below gave the jury binding instructions to find a verdict for $2,500 with interest from June 25, 1927, $2,500 being the sum of Spruks's note to which the note sued upon was collateral and June 25, 1927, being its due date. The court further instructed the jury that if they believed certain testimony of Mr. Spruks, their verdict should be for $5,000 with interest from June 25, 1927.

The jury rendered a verdict for $2,500 with interest from June 25, 1927. The defendant alone appealed.

The only question before us is whether or not the court was justified in giving binding instructions in favor of the plaintiff for $2,500. It is the law that "the liability of the maker of a promissory note, given as collateral security for a debt, is not affected by anything less than a discharge or release of the original debtor,

and the holder thereof may maintain an action thereon, without first resorting for payment to the original debtor": 21 R. C. L. 669, section 31; Delaware Co. Trust, etc., Co. v. Haser, 199 Pa. 17. This court held in Smith v. Hine, 179 Pa. 260, that, "Want of consideration is not a defense in an action on an accommodation note in the hands of a third party who has taken it as collateral security for an antecedent debt." Though the note sued upon in the case now before us is not an accommodation note, the principle just cited applies.

"The general, if not the universal rule......as to whether a pledgee of negotiable paper as collateral security for a precedent debt is to be regarded as a bona fide holder, is to the effect that the pledgee of a promissory note, if he is an innocent holder, may recover of the maker of the note to the amount for which the paper was pledged, though the maker has a defense as against the payee": 21 R. C. L. 670.

"The holder of a negotiable note taken as collateral security for a preëxisting debt is a holder for value in due course of business, and as such is protected against the latent equities of third parties": 3 R. C. L., page 1058, section 263; Lord v. Ocean Bank, 20 Pa. 384; Appleton v. Donaldson, 3 Pa. 381.

In view of the statement of the cashier of the Bank that he knew of no arrangement between Mr. Spruks and Mr. Raine whereby the note sued upon was not to be paid until Raine received stock from the Projector Company, and in view of Raine's answer "no" to the question, "You had never had any talk with Mr. Gutheinz [the cashier] about that note?"—referring to the note sued upon—, the Bank in this case had the status of an innocent holder and therefore it was entitled to the binding instructions received.

In an action on a promissory note, against a maker or endorser, a plaintiff who claims to be the holder of the note in due course is entitled to binding instructions when his claim is supported both by his own and de-

fendant's testimony. See Second Nat. Bank v. Hoffman, 233 Pa. 390; Houston v. McCaslin, 65 Pa. Superior Ct. 28.

The judgment is affirmed.