### FIRST NAT. BANK & TRUST CO. OF MUSKOGEE v. HEILMAN.

#### No. 677.

Circuit Court of Appeals, Tenth Circuit.

Dec. 5, 1932.

James D. Gibson and Chas. P. Gotwals, both of Muskogee, Okl. (W. M. Beall, of Clay Center, Kan., and John T. Gibson and Wm. A. Killey, both of Muskogee, Okl., on the brief), for appellant.

Oscar E. Peterson, of Clay Center, Kan. (W. T. Roche, of Clay Center, Kan., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

The First National Bank & Trust Company brought this action against Heilman to recover upon two promissory notes for $2,000 each, dated September 9, 1929, due six months after date, made by Heilman, payable to F. E. Mockel and J. E. Campbell, endorsed and delivered by the payees to E. L. Lindner, and endorsed and delivered by Lindner to the bank.

Heilman set up as a defense that the payees, acting as Lindner's agents, by false and fraudulent representations induced him to purchase ten acres of land from Lindner, and that the notes were given in Kansas to cover deferred payments on the purchase-price of such land. As a further defense, Heilman averred that there was not endorsed on the face of the notes, "Given for the deferred purchase price of ten acres of land in the State of Oklahoma," as required by section 17, c. 140, S. L. Kan. 1929.

The bank's evidence in chief established that it acquired the notes for value before maturity in the usual course of business, and such notes were introduced in evidence.

Heilman's evidence established fraud in the inception of the notes.

The evidence of the bank in rebuttal established that it acquired the notes in good faith as collateral for a past indebtedness of $1,-000 principal and $69.15 interest, and a new indebtedness of $2,100 advanced to Lindner; that it had no notice or knowledge of the transaction between the payees, as Lindner's agents, and Heilman, or of the alleged fraud; and that it had no knowledge of the requirement of section 17, c. 140, supra.

At the close of the trial the bank moved for a directed verdict in its favor. This motion was overruled. The jury returned a verdict in favor of Heilman. Judgment was rendered thereon, and the bank has appealed.

At the common law, when the defendant has shown fraud or illegality in the inception of a negotiable instrument, the burden is placed on the plaintiff to establish that he is a bona fide holder in due course. Thompson v. Sioux Falls Nat. Bank, 150 U. S. 231, 14 S. Ct. 94, 37 L. Ed. 1063; Stewart v. Lansing, 104 U. S. 505, 26 L. Ed. 866; Smith v. Sac County, 11 Wall. 139, 147, 20 L. Ed. 102.

The authorities, however, are not in accord as to what is required to meet that burden. Howard Nat. Bank v. Wilson, 96 Vt. 438, 120 A. 889, 893, 894; Glendo State Bank v. Abbott, 30 Wyo. 98, 216 P. 700, 34 A. L. R. 294; Jones v. Gordon, [1877] 2 App. Cas. 616. The rule under the common law in the Federal courts and a majority of the state jurisdictions is that it is sufficient for the plaintiff to show he acquired the instrument before maturity in the regular course of business and paid value therefor. (See Note 1)

In King v. Doane, 139 U. S. 166, 11 S. Ct. 465, 467, 35 L. Ed. 84, the court said:

"If, an action by an indorsee against the maker, a negotiable note is shown to have been obtained by fraud, the presumption, arising merely from the possession of the instrument, that the holder in good faith paid value, is so far overcome that he cannot have judgment unless it appears affirmatively from all the evidence, whether produced by the one side or the other, that he, in fact, purchased for value. Smith v. Sac County, 11 Wall. 139, 148 [20 L. Ed. 102]; Commissioners [of Marion County] v. Clark, 94 U. S. 278, 285

NOTE 1.

King v. Doane, 139 U. S. 166, 11 S. Ct. 465, 35 L. Ed. 84; First National Bank of Council Bluffs v. Moore (C. C. A. 9) 148 F. 953, 957, 958; Young v. Lowry (C. C. A. 3) 192 F. 825, 828–830; Washington & Canonsburg R. Co. v. Murray (C. C. A. 3) 211 F. 440, 447; Johnson v. McMurry, 72 Mo. 278; Smith v. Livingston, 111 Mass. 342; Prouty v. Musquiz, 94 Tex. 87, 92, 58 S. W. 721, 996; Kellogg v. Curtis, 69 Me. 212, 31 Am. Rep. 273; First Nat. Bank of St. Thomas v. Flath, 10 N. D. 281, 86 N. W. 867; First Nat. Bank v. Foote, 12 Utah, 157, 42 P. 205; Harbison v. Hammons, 113 Ark. 120, 167 S. W. 849; Reeves & Son v. Letts, 143 Mo. App. 196, 199, 128 S. W. 246; Goodale v. Thorn, 199 Cal. 307, 249 P. 11, 12.

[24 L. Ed. 59]; Stewart v. Lansing, 104 U. S. 505, 509 [26 L. Ed. 866]; Pana v. Bowler, 107 U. S. 529, 542, 2 S. Ct. 704 [27 L. Ed. 424]. In the case supposed, he must show that he paid value. That fact being established, he will be entitled to recover, unless it is proved that he purchased with actual notice of defect in the title, or in bad faith, implying guilty knowledge or willful ignorance. Goodman v. Simonds, 20 How. 343, 367 [15 L. Ed. 934]; Murray v. Lardner, 2 Wall. 110, 121 [17 L. Ed. 857]; Hotchkiss v. National [Shoe & Leather] Bank, 21 Wall. 354, 359 [22 L. Ed. 645]; New Orleans Canal & Bkg. Co. v. Montgomery, 95 U. S. 18 [24 L. Ed. 346]; Swift v. Smith, 102 U. S. 442, 444 [26 L. Ed. 193]."

■ On the other hand the rule at common law in certain of the state jurisdictions is that it was necessary for the plaintiff to go further and prove want of knowledge on his part of the fraud or illegality. (See Note 2)

The Uniform Negotiable Instruments Act, which has been enacted in Kansas, adopted the minority rule. Sections 52—502 and 52—509, R. S. Kan. 1923. (See Note 3)

Under Section 52—509, supra, when fraud or illegality is shown in the inception of the instrument, the burden is cast on the plaintiff to show he acquired the instrument as a holder in due course, as defined in Section 52—502, supra, including want of notice of such fraud or illegality. This is the construction placed on the language of Section 52—509, supra, by the supreme court of Kansas and by the courts generally which have construed the provisions of the Uniform Nego-

tiable Instruments Act, set out in Note 3. (See Note 4)

■ The officers of a corporation are presumed to know the law of the state in which it is created and of the states in which it is transacting business, but they are not presumed to know the law of other states. The officers of the bank, therefore, being residents of Oklahoma, were not presumed to know the provisions of Section 17, ch. 140, supra, and they denied actual knowledge thereof.

■ Chapter 140, supra, does not provide that the failure to state the consideration on the face of the note, as required by section 17 thereof, shall render the note void. Where such a statute does not make the note void, it is enforceable in the hands of a holder in due course. Brown v. Pegram (C. C. A. 3) 125 F. 577; Ashley & Rumelin, Bankers v. Brady, 41 Idaho, 160, 238 P. 314; Arnd v. Sjoblom, 131 Wis. 642, 111 N. W. 666, 10 L. R. A. (N. S.) 842, 11 Ann. Cas. 1179; McGovern v. Eckhart, 196 Wis. 178, 218 N. W. 830, 831; Tescher v. Merea, 118 Ind. 586, 21 N. E. 316; Nyhart v. Kubach, 76 Kan. 154, 90 P. 796; Smith v. Wood, 111 Ga. 221, 36 S. E. 649; Butte Mach. Co. v. Jeppesen, 41 Idaho, 642, 241 P. 36.

---

NOTE 2.
Union Trust Co. v. Adams, 54 Ind. App. 166, 101 N. E. 741; Giberson v. Jolley, 120 Ind. 301, 22 N. E. 306; Cox v. Cline, 139 Iowa, 128, 117 N. W. 48; Vosburgh v. Diefendorf, 119 N. Y. 357, 23 N. E. 801, 16 Am. St. Rep. 836; Pierson v. Huntington, 82 Vt. 482, 74 A. 88, 29 L. R. A. (N. S.) 695, 137 Am. St. Rep. 1029; Landauer v. Sioux Falls Imp. Co., 10 S. D. 205; 72 N. W. 467.

NOTE 3.
"52—502. A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"52—509. Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to acquisition of such defective title."

NOTE 4.
Consolidated Motors Co. v. Urschel, 115 Kan. 147, 222 P. 745; Ireland v. Shore, 91 Kan. 326, 137 P. 926; Beachy v. Jones, 108 Kan. 236, 195 P. 184; Commercial Security Co. v. Low, 112 Kan. 153, 210 P. 190; Williams v. Green (C. C. A. 4) 23 F.(2d) 796; New York Bankers, Inc., v. Duncan, 257 N. Y. 160, 177 N. E. 407; Commercial Nat. Bank of Muskogee v. Ahrens, 117 Okl. 65, 245 P. 557; Beesley v. Wm. A. Nicholson Co., 148 Okl. 270, 298 P. 607; Keene v. Behan, 40 Wash. 505, 82 P. 884; Glendo State Bank v. Abbott, 30 Wyo. 98, 216 P. 700, 34 A. L. R. 294; First Nat. Bank v. Moore, 37 Ga. App. 698, 141 S. E. 502; Putnam v. Ensign Oil Co., 272 Pa. 301, 116 A. 285; Tatam v. Haslar, 23 Q. B. Div. (1889) 345; Lewiston Trust & Safe Dep. Co. v. Shackford, 213 Mass. 432, 100 N. E. 828; Wilson v. Kelso, 115 Md. 162, 80 A. 895; Owsley County Deposit Bank v. Burns, 196 Ky. 359, 244 S. W. 755; McClellan v. Morris, 71 Colo. 304, 206 P. 575; Arnett v. Reid, 24 Ariz. 410, 210 P. 688, 689; Jenkins v. Helms, 89 Colo. 77, 213 P. 322; Delancy v. Brownwood, 73 Colo. 83, 213 P. 578; Johnson County Sav. Bank v. Walker, 79 Conn. 348, 65 A. 132; Southwest Nat. Bank of Kansas City v. Lindsley, 29 Idaho, 343, 158 P. 1082; Wheat v. Goss (Ind. App.) 136 N. E. 45; Keegan v. Rock, 128 Iowa, 39, 102 N. W. 805; Commercial Nat. Bank of Washington v. Colthurst, 195 Iowa, 1032, 188 N. W. 844, 191 N. W. 787; People's State Bank v. Miller, 185 Mich. 565, 152 N. W. 257; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; Metropolitan Discount Co. v. Baker. 176 N. C. 546, 97 S. E. 495; Northern Sav. Bank v. Kelly, 31 N. D. 582, 154 N. W. 650; Miller v. Marks, 46 Utah, 257, 148 P. 412; Howard Nat. Bank v. Wilson, 96 Vt. 438, 120 A. 889; Leavitt v. Thurston, 38 Utah, 351, 113 P. 77.

See contra: State ex rel. Strohfeld v. Cox, 325 Mo. 901, 30 S.W.(2d) 462; Fidelity Union Trust Co. v. Decker Bldg. Material Co., 106 N. J. Law, 132, 148 A. 717; German-American Nat. Bank v. Lewis, 9 Ala. App. 352, 63 So. 741.

The testimony of the bank's officer was uncontradicted and unimpeached either by fact or circumstance in the case. The credibility of such officer was in no wise attacked. There is nothing in the record to cause any doubt as to the truthfulness of the bank's testimony that it had no knowledge of the fraud or of section 17, c. 140, supra.

 There are two classes of cases in which the trial court should direct a verdict at the close of the evidence, namely, (1) cases in which the evidence is undisputed; and (2) cases in which the evidence is conflicting but is of so conclusive a character that the court in the exercise of a sound judicial discretion ought to set aside a verdict in opposition thereto. Benash v. Business Men's Assur. Co. of America (C. C. A. 8) 25 F.(2d) 423; Foye Lumber Co. v. Pennsylvania R. Co. (C. C. A. 8) 10 F.(2d) 437; St. Louis–San Francisco R. Co. v. Baehler (C. C. A. 8) 26 F.(2d) 26; Ellerson v. Grove (C. C. A. 4) 44 F.(2d) 493, 496; Marande v. Texas & Pac. R. Co., 184 U. S. 173, 191, 22 S. Ct. 340, 46 L. Ed. 487. The rule applies notwithstanding the party introducing the evidence has .the burden of proof. Lyon v. Travelers' Protective Ass'n of America (C. C. A. 4) 25 F.(2d) 596; Edelen v. First Nat. Bank, 139 Md. 413, 115 A. 599.

The instant case clearly falls within the first class and the trial court erred in not directing a verdict in favor of the bank.

Section 52—304, R. S. Kan. 1923, provides:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

Under this provision a person taking a negotiable instrument as collateral security is a holder for value only to the extent of his lien. (See Note 5)

Since fraud was established in the inception of the notes and the bank held them only as collateral security, the amount of the verdict should be limited to the amount due on the principal obligation for which the notes were held by the bank.

Reversed and remanded with instructions to grant the bank a new trial.

NOTE 5.
German American Bank of Seattle v. Wright, 85 Wash. 460, 148 P. 769, Ann. Cas. 1917D, 381; Citizens' Bank & Trust Co. v. Limpright, 93 Wash. 361, 160 P. 1046; Burnes v. New Mineral F. Co., 218 Mass. 300, 105 N. E. 1074; Crewdson v. Shultz (C. C. A. 9) 254 F. 24; Elk Valley Coal Co. v. Third Nat. Bank, 157 Ky. 617, 163 S. W. 766; National Surety Co. v. Commissioner, 243 Mass. 218, 137 N. E. 533; Graham v. Smith, 155 Mich. 65, 118 N. W. 726; Benton v. Sikyta, 84 Neb. 808, 122 N. W. 61, 24 L. R. A. (N. S.) 1057; South Side Bank of Scranton v. Raine, 306 Pa. 561, 160 A. 446; Farmers' State Bank v. Blevins, 46 Kan. 536, 26 P. 1044; Columbia Nat. Bank v. Stine, 135 Kan. 779, 12 P.(2d) 814; Pearce v. Rice, 142 U. S. 28, 37, 38, 12 S. Ct. 130, 35 L. Ed. 925.