9   383<br>35   654

[No. 1320.   Decided July 10, 1894.]

W. G. PETERS, *Respondent*, v. MONT W. GAY *et al.*, *Defendants*, GUARANTEE LOAN AND TRUST COMPANY *et al.*, *Appellants*.

EVIDENCE — PROOF OF RECORD — NEGOTIABLE INSTRUMENTS — FRAUD OF PAYEE — RIGHTS OF INNOCENT PURCHASER.

The original mortgage filed for record, with the certificate of the auditor under his hand and seal stating the time of filing and the volume and page where the instrument is recorded, is competent evidence of the record.

Although a promissory note and mortgage securing the same have been diverted by the payee from the purpose designed by the

maker at the time of their execution, no consideration having passed to the makers, and have been endorsed and assigned by the payee before maturity to a *bona fide* purchaser for a valuable consideration, such purchaser has priority over the maker and subsequent mortagees who take with notice of the record of the prior mortgage.

*Appeal from Superior Court, Clallam County.*

*Strudwick & Peters*, for appellants.

*Easterday & Easterday (Benton Embree*, of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is a suit by respondent to foreclose a mortgage upon land in Clallam county, given to secure the note of defendant Mont W. Gay, to defendant B. F. Schwartz, and claimed to have been endorsed and delivered to respondent; and appellants were made parties defendant for the reason that they claimed some interest in the land sought to be foreclosed. Appellants claiming under a mortgage upon the same land, of later date than respondent's, deny the delivery of the note and mortgage to Schwartz, the record of the mortgage, and the assignment of either note or mortgage to respondent; and allege affirmatively that the note and mortgage plead by respondent were without consideration and were stolen by Schwartz from the maker Gay.

Respondent introduced his note and mortgage and rested. Appellants proved the note to have been diverted by Schwartz from the purpose originally intended, which was that Schwartz was to obtain a loan of $1,200 for Gay, the maker of the note, and give the note and mortgage to the lender. Instead of this he failed to negotiate any loan for Gay, but delivered the note and mortgage as collateral to secure the account of the bank in Port Angeles, of which he was manager, with the Columbia National Bank of

Tacoma, of which respondent was vice president. This diversion of the note was before its maturity, and its delivery endorsed in blank was at the time the Tacoma bank opened an account with the Port Angeles bank, it being given with other collateral to secure the Columbia National Bank of Tacoma.

The only notice that appellants had of respondent's mortgage was by the record. It is claimed by the appellants that the certificate on this mortgage was not competent; that the statute requires a copy of the instrument as recorded certified by the county auditor over his official seal. This question was decided adversely to the appellants' contention in *Garneau v. Port Blakely Mill Co.*, 8 Wash. 467, the certificate of the auditor in this case being equally as full as the certificate passed upon by the court in the case of *Garneau v. Port Blakely Mill Co.*

The court found the execution of the negotiable promissory note as alleged in the complaint; the delivery of the same; that the respondent was the owner and holder of the note; that the same was unpaid; that the note was duly assigned for a valuable consideration; that the respondent, plaintiff below, was entitled to judgment, and that his lien was prior to and superior to that of the appellants; and we are of the opinion that all of these findings were justified by the testimony.

This was a case of hardship worked upon the defendant by the conduct of Schwartz; but the endorsement upon the back of the mortgage, relied upon by appellants as giving notice of its fraudulent character, was not made until after the purchase of the note by respondent, and he is in no way responsible for the misfortune of appellants in purchasing worthless security. The note was duly endorsed by the payee before maturity; was delivered to the respondent as collateral to an obligation entered into at the time of the pledge; respondent became the *bona fide* holder of the note

and of the legal title thereto. The uncontradicted testimony shows that the respondent's claim against the pledgor was $5,000, contracted in good faith; that the security was taken in good faith and received before there was any notice of fraud, and that of the claim of $5,000 only $700 has been paid, and that, including the note in suit, the collateral security held by respondent is only about $2,000. We see no reason why respondent should be called upon to yield up this security for the benefit of Gay, who allowed his paper to go upon the market and find its way into the hands of innocent purchasers, or for the benefit of subsequent purchasers, however innocent or unfortunate they may have been.

We think none of the contentions urged by appellants can be sustained, and the judgment is, therefore, affirmed.

SCOTT, ANDERS and STILES, JJ., concur.

HOYT, J., concurs in the result.