[No. 6064. Decided September 22, 1906.]

## BANK OF MONTREAL, *Respondent*, v. R. J. HOWARD *et al.*, *Appellants.*[1]

BILLS AND NOTES — DELIVERY — ACTIONS — DEFENSES — FRAUD — ESTOPPEL. Where a note was executed by defendants for advances received, who at the same time executed an option upon a mine to the payee of the note, with a deed, all delivered in escrow to be held until the expiration of the option, when the note was to be returned to the purchaser, and the deed to the defendants, if the option was not exercised, the defendants, upon demanding and receiving back the deed at the expiration of the option, are estopped to claim fraud or nondelivery of the note in the hands of an innocent purchaser, never having made any such claim theretofore.

NEW TRIAL—DISCRETION OF COURT—MERITORIOUS DEFENSE. The discretion of the court in denying a continuance will not be interfered with where it appears that there is no defense, legal or equitable, to the action.

PLEDGES—NOTE HELD AS COLLATERAL—ENFORCEMENT—AMOUNT OF RECOVERY. In an action upon a note of $3,363, held as security for a note of $3,000, the pledgee is not a party in interest beyond the amount due on the latter note, and judgment for the amount of the former note is erroneous.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered September 14, 1905, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action on a promissory note. Modified.

*O. C. Moore*, for appellants. The respondent bank, on the receipt of the note in escrow, became the agent and trustee of the appellants, for the preservation and ultimate delivery of the note. *Mechanics' Nat. Bank v. Roughead*, 76 App. Div. 534, 78 N. Y. Supp. 800; *Lewis v. Prather*, 14 Ky. Law 749, 21 S. W. 538; *Humphreys v. Richmond etc. R. Co.*, 88 Va. 431, 13 S. E. 895; *Fred v. Fred* (N. J. Eq.), 50 Atl. 776; *Gammon v. Bunnell*, 22 Utah 421, 64 Pac. 958; *Davis v.*

[1] Reported in 86 Pac. 1115.

*Clark,* 58 Kan. 100, 48 Pac. 563; *McDonald v. Huff,* 77 Cal.
279, 19 Pac. 499. Transactions whereby agents obtain in-
terests antagonistic to their principals are constructively
fraudulent. Mechem, Agency, §§ 455, 456; Perry, Trusts
(4th ed.), § 206; Pomeroy, Equity Jurisprudence, § 958;
*Wickersham v. Crittenden,* 93 Cal. 17, 28 Pac. 788; *Trice
v. Comstock,* 121 Fed. 620, 61 L. R. A. 181; *Van Epps v.
Van Epps,* 9 Paige 237; *Gerry v. Bismark Bank,* 19 Mont.
191, 47 Pac. 810; *Dormitzer v. German Sav. & Loan Society,*
23 Wash. 132, 62 Pac. 862; *Carson v. Fogg,* 34 Wash. 448,
76 Pac. 112; *Security Sav. Soc. v. Cohalan,* 31 Wash. 266,
71 Pac. 1020; *Smith v. Pacific Vinegar etc. Works,* 145 Cal.
352, 78 Pac. 550, 104 Am. St. 42. Equitable injunction will
issue restraining the payee from negotiating a note induced
by fraud. High, Injunction (4th ed.), § 1123; *Ritterhoff v.
Puget Sound Nat. Bank,* 37 Wash. 76, 79 Pac. 601, 107
Am. St. 791. The note was never delivered to the payee.
Laws 1899, p. 340, §§ 15, 16; Pierce's Code, §§ 6583, 6584;
7 Cyc. 683, 685.

*Graves, Kizer & Graves,* for respondent, *inter alia,* con-
tended, that an escrow takes effect when the required condi-
tion is performed, without any delivery. 16 Cyc. 588; 1
Daniel, Negotiable Inst., § 68; 11 Am. & Eng. Ency. Law
(2d ed.), pp. 345, 346; Pierce's Code, 1905, § 6759. There
was no evidence of duress. *Dunham v. Griswold,* 100 N. Y.
224, 3 N. E. 76; *Feller v. Green,* 26 Mich. 70; 9 Cyc. 443;
*Higgins v. Brown,* 78 Me. 473, 5 Atl. 269; *Harmon v. Har-
mon,* 61 Me. 227; *Town Council v. Burnett,* 34 Ala. 400;
*Buchanan v. Sahlein,* 9 Mo. App. 522; *Brown v. Pierce,* 7
Wall. 205, 19 L. Ed. 134; *First Nat. Bank v. Sargeant,* 65
Neb. 594, 91 N. W. 595, 59 L. R. A. 296; *Preston v. Boston,*
12 Pick 7; *Horton v. Bloedorn,* 37 Neb. 666, 56 N. W. 321;
*Knapp v. Hyde,* 60 Barb. 80. Mere general indefinite threats
of arrest or imprisonment will not constitute duress. 9 Cyc.
446; *James v. Dalbey,* 107 Iowa 463, 78 N. W. 51: *Kruschke*

*v. Stefan,* 83 Wis. 373, 53 N. W. 679; *Post v. Bank,* 138 Ill. 559, 28 N. E. 978. Duress cannot consist in threats to arrest a person upon a charge that is true. *Thompson v. Niggley,* 53 Kan. 664, 35 Pac. 290, 26 L. R. A. 803; *Delta County Bank v. McGranahan,* 37 Wash. 307, 79 Pac. 796; *Sanford v. Sornborger,* 26 Neb. 295, 41 N. W. 1102; *Landa v. Obert,* 45 Tex. 539; *Beath v. Chapoton,* 115 Mich. 506, 73 N. W. 806; *Thorn v. Pinkham,* 84 Me. 101, 24 Atl. 718, 30 Am. St. 335; *Philips v. Henry,* 160 Pa. St. 24, 28 Atl. 477, 40 Am. St. 706; *Dunham v. Griswold,* 100 N. Y. 224, 3 N. E. 76.

DUNBAR, J.—Action upon a promissory note alleged to have been executed and delivered by the defendants Howard and Kincaid to the defendant Lawry, and indorsed by him to plaintiff. Howard and Kincaid answered jointly, admitting the signing of the note, but alleged as affirmative defenses want of consideration, duress, nondelivery, and that the note was held by the plaintiff merely as collateral security for the payment of a debt of $3,000 owing to it by Lawry. Lawry answered separately, but, inasmuch as he has not appealed from the judgment, his answer is not material. The case was tried to the court without a jury, and judgment was rendered in plaintiff's favor for the full amount of the note. Howard and Kincaid appeal.

It seems that Lawry had advanced to Kincaid $3,363, used in developing certain mining properties in which Kincaid and Howard were jointly interested. Lawry wished to secure an option for the purchase of the mines; also desired the repayment of the money. After some little negotiation, an agreement was reached by which an option for the purchase of the mines for $85,000 was granted Lawry, and Howard and Kincaid agreed to give to Lawry, for the $3,363 advanced by him, a note for that amount, and that the note together with a deed for the mines was to be placed in escrow with the respondent bank. The escrow agreement provided that by January 1, 1904, Lawry should pay the respondent or

Howard and Kincaid the sum of $85,000, the deed was to be delivered to him, and the note was to be returned to them. If he did not do so, the deed was to be returned to them, and the note was to be delivered to him. Lawry did not pay them the money, and on January 16, 1904, he borrowed $3,000 from the respondent and indorsed to it the note in suit as a collateral therefor. In April, 1904, Howard and Kincaid demanded the return of the deed because Lawry had not taken up his option, and respondent returned the deed to them.

Many legal questions are discussed at length by appellants, but under the testimony in this case they do not seem to us to be applicable, there being no facts to sustain them. There is not sufficient proof in the record to show the extension of time claimed by the appellants to have been made with reference to the escrow agreement, nor do we think that the lack of proof in that regard was obviated by the statement which was made by the counsel for the respondent in his opening address. The court found, and was justified by the testimony in such finding, that the note made by Howard and Kincaid was executed freely and voluntarily by both of them, and without duress, fear, or fraud being practiced upon either of them. It appears from the testimony that the bank, respondent here, was never notified by either of the appellants that any fraud in executing the note was charged, and when the time expired the appellants went to the bank and got the deed according to the agreement. The question of whether or not there was a technical delivery to Lawry of the note is not important. It was delivered to him under the agreement, and the appellants recognized that agreement and benefited by it by demanding and obtaining possession of the documents that they were entitled to under said agreement.

We are not inclined to interfere with the ruling of the court in denying a continuance. It seems to us from the record in the case, which is comparatively short, that there is no defense to this action, either equitable or legal. There

is one proposition, however, if we understand the record correctly, upon which the court erred, and that is as to the amount of the judgment. As we understand the proof in this case, there is no claim on the part of the respondent bank that it has any interest in this note sued upon except such interest as it has in it as security for the loan of $3,000 made by it to Lawry, and when it subjects it to the use and purpose for which it was intended, viz., securing the debt of $3,000, its rights in the note terminate. It is not a party in interest beyond that amount, and there is no reason that we can conceive of why it should be entitled to a judgment for the remainder of the note.

The judgment will therefore have to be modified to that extent, and the court is instructed to reduce the judgment by the amount of $363, the excess of the note over the debt for which it was pledged as collateral. The appellants will be adjudged costs in this court.

Mount, C. J., Fullerton, Hadley, and Crow, JJ., concur.