[No. 8245. Department One. December 14, 1909.]

CLARENCE D. HILLMAN, *Respondent*, v. FRANK M. STANLEY, *Appellant*.[1]

PLEDGES—COLLATERAL SECURITY—ACTION BY PLEDGEE—LIMIT OF RECOVERY—BILLS AND NOTES. The indorsee of a note, taken by him as collateral to a loan, is the owner of the note, and may recover the full amount, regardless of the state of his account with the indorser, in the absence of any defense against the indorser.

BILLS AND NOTES—ACTIONS—DEMAND—NECESSITY. Presentment and demand is not a condition precedent to an action upon an ordinary overdue promissory note.

BILLS AND NOTES—ATTORNEY'S FEES—REASONABLENESS—EVIDENCE —ADMISSIBILITY. In an action on a promissory note, upon an issue as to a reasonable attorney's fee, it is inadmissible to show that

[1]Reported in 105 Pac. 816.

the plaintiff's attorney attended to all of plaintiff's business under an annual retainer and contract for stated fees in each case.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR—TRIAL DE NOVO. Prejudice of the trial judge is not ground for a reversal, where the action was tried without a jury and is heard *de novo* on appeal, and the evidence abundantly supports the findings.

Appeal from a judgment of the superior court for King county, Warren, J., entered November 30, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a promissory note. Affirmed.

*John E. Humphries* and *Geo. B. Cole*, for appellant.

*Frederick R. Burch*, for respondent.

FULLERTON, J.—This action was brought to recover upon a promissory note executed by the appellant as maker to one George Mead as payee, and by Mead indorsed to the respondent. The action was begun originally against the appellant and his wife in an effort to charge the community property of the appellant and his wife with the lien of any judgment that might be obtained in the action; it being alleged that the note was given for a community debt. A trial was had resulting in a judgment against both husband and wife. Subsequently, however, the respondent moved to dismiss the action as to his wife, and an order was entered to that effect in the records, although the judgment itself seems not to have been amended in that particular. Thereafter this appeal was taken.

The appellant, in his answer, alleged that the note was received by the respondent as collateral security to an indebtedness owing by Mead to the respondent. This allegation was not denied in the reply, and the appellant now insists that it is a defense to the note *pro tanto*—that is to say, the respondent cannot recover from the appellant any greater sum than was owing him by Mead. But this is not the rule.

The indorsee of a promissory note, even though he took it as collateral to a loan, is the owner of the note, and can collect the full amount of the sum from the maker regardless of the state of the account between the indorsee and the person from whom he received it. If the maker had a defense against the note in the hands of the indorser a different question would arise, but no such contention is made in the pleadings in this case. It is true the appellant at the trial asked leave of the court to amend his answer by setting out a plea of want of consideration for the note, but the facts recited by him on which he based the application did not constitute failure of consideration, and the court committed no error in refusing the request.

The appellant next contends that it was necessary for the appellant to plead and prove a presentment to the maker and demand for payment before a recovery could be had. But this contention is not tenable. The note was an ordinary promissory note payable in money to the payee or his order, and was overdue when the action was brought. The action itself is in such cases a sufficient demand.

The note provided for the payment of a reasonable attorney fee in case suit or action should be brought to collect same. After the respondent had offered evidence tending to show a reasonable attorney fee, the appellant sought to show that the attorney representing the respondent was the respondent's regular counsel, receiving from him an annual retainer, and in addition thereto a fixed sum for all actions prosecuted or defended for and on behalf of the respondent. This evidence was, we think, rightly rejected by the court. The respondent could recover no more than a reasonable attorney fee, no matter what sum he had agreed to pay his attorney for prosecuting the case. It might have been some evidence of the unreasonableness of the fee claimed to show that he had made a contract with his attorney to prosecute the particular case for a less sum than he claimed in his pleadings to be a reasonable sum, but it would be no evi-

dence of what a reasonable sum would be in the particular case to show that the attorney bringing the action had a contract with his client calling for a general retainer and for a fixed sum for each action brought. That the fee allowed considered as a fee for the particular case is reasonable is not questioned by the appellant.

Finally, it is contended that the court manifested such spleen towards the appellant and his counsel that a new trial should be awarded on the ground of prejudice. In one instance, while addressing appellant's counsel, the court did use language more sarcastic, perhaps, than the circumstances warranted, but this is not sufficient ground for a new trial in a case tried by the court without a jury, and which is triable *de novo* in the appellate court. There was abundant evidence to warrant a recovery, and the judgment will stand affirmed as corrected by the court.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.