[No. 15866.  Department Two.  August 11, 1920.]

LINCOLN COUNTY STATE BANK, *Respondent*, v.
H. N. MARTIN *et al., Appellants,* FLOYD G.
CULVER *et al., Defendants.*[1]

MORTGAGES (116)—SATISFACTION—PAYMENT OF DEBT. Mortgage notes that were assigned to a bank as collateral security for the payee's debt to the bank, and thereafter assumed by the purchaser of the mortgage security, are not paid and satisfied until payment of the bank debt for which they were held as collateral, notwithstanding both the original payee and maker were discharged by the transaction.

PLEDGES (15)—ACTION TO ENFORCE RIGHT OF ACTION PLEDGED. Where mortgage notes are assigned to a bank as collateral security for a note due the bank, the bank may maintain an action to foreclose the mortgage for the amount due on the bank note.

MORTGAGES (67)—CONSTRUCTION AND OPERATION—RECORD OF MORTGAGE AS NOTICE. A married woman, taking a deed of property covered by a duly recorded mortgage, is bound to take notice of the mortgage and takes subject thereto, even if she had no actual notice and took the property as her separate estate.

SAME (120)—PAYMENT—CHANGE IN FORM OF DEBT. The fact that notes were secured by mortgage collateral and superseded by renewal notes would not change the form of the debt or affect the security.

Appeal from a judgment of the superior court for Lincoln county, Truax, J., entered November 21, 1919, in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Affirmed.

*Mulligan & Bardsley,* for appellants.
*Freece & Pettijohn,* for respondent.

MOUNT, J.—This action was brought to foreclose a real estate mortgage held by the plaintiff as collateral security upon a note executed by the defendant H. N. Martin. All the defendants except Martin and wife

[1]Reported in 191 Pac. 815.

defaulted. These two defendants, after a general demurrer to the complaint was denied, answered separately. They denied generally all the allegations of the complaint, and set up affirmative defenses to the effect that the mortgage debt had been paid and the mortgage was, therefore, of no force. On these issues the case was tried to the court without a jury, and resulted in a judgment and decree as prayed for in the complaint. The defendants Martin and wife have appealed.

Eighteen assignments of error are made. Most of these assignments are based upon preliminary matters and the introduction of evidence, which are not necessary to be noticed. The principal question, and the one upon which the appellants apparently rely, is that the mortgage sought to be foreclosed had been paid and was not effective as against these appellants.

The facts, as they appear from the evidence, are as follows: On September 13, 1908, the defendants Floyd G. Culver and wife purchased from the defendant C. H. Katsel a tract of land in Lincoln county. At the time of this purchase, Culver and wife executed two notes, amounting to $3,460. One of these notes was for $2,000 and the other for $1,460. In order to secure the payment of these notes they executed and delivered to Mr. Katsel a mortgage upon the real estate purchased. At that time Mr. Katsel was indebted to the Lincoln County State Bank upon a note for some $4,600. After Mr. and Mrs. Culver had executed the notes and mortgage for $3,460 and delivered the same to Mr. Katsel, Mr. Katsel assigned the notes and mortgage to the bank as security for the payment of his note for $4,600. In the spring of 1909, Mr. Culver informed Mr. Katsel that he was unable to make the payments and requested Mr. Katsel to take back the property and release Mr. Culver from the notes and mortgage. Mr. Katsel was unwilling to do this, but told

Mr. Culver that he would endeavor to find a purchaser for the land so that both might be satisfied. Thereupon Mr. Katsel, on April 9, 1909, entered into a contract with Mr. Martin, by the terms of which Mr. Katsel agreed to assign to Martin the Culver mortgage and to cause to be conveyed to Mr. Martin, or whomsoever he should designate, the real estate covered by the mortgage. Mr. Martin agreed to pay the bank, for application on the Katsel debt, the sum of $3,000, and also agreed to deed to Mr. Katsel certain residence property in Davenport for the land which then stood in the name of Mr. Culver and wife. On the 13th of April, Mr. Katsel and Mr. Martin went to the respondent bank, where they explained to the cashier the agreement which they had made and desired to know of the bank if it would take Mr. Martin for the $3,000 instead of Mr. Culver. The bank agreed to do this, and on the next day Culver and wife deeded the lands in question to A. V. Martin, the wife of H. N. Martin, the consideration named in the deed being $10,500. This deed was not filed for record until April 15, 1909. On April 13, Mr. Martin and Mr. Katsel went to the bank and Mr. Martin executed his note for $3,000, with the understanding that the mortgage and notes executed by Mr. Culver should stand as collateral security for the payment of his $3,000 note. Thereafter, from time to time, Mr. Martin made payments on the $3,000 note, and on May 16, 1916, executed a new note for $1,900, the balance due at that time. He made no further payments after that date, and this action was brought by the bank for the balance due upon this $1,900 note, and to foreclose the Culver mortgage held by the bank as collateral security.

As we have said before, the main contention of the appellants is that the Culver notes and mortgage given to Mr. Katsel and by Mr. Katsel deposited in the bank

had been paid, and therefore the mortgage was of no effect at the time this action was brought. We fail to see any sound theory upon which it can be held that the Culver notes and mortgage have been paid. It is true that Mr. Katsel, the original payee of the notes, has been satisfied, and it is also true that Mr. Culver, the original maker of the notes and mortgage, has also been satisfied. But these satisfactions occur in this way. The bank became the owner and holder of the Culver notes and mortgage by assignment from Mr. Katsel, the payee. Mr. Martin, by agreement between the bank, Mr. Culver and Mr. Katsel, has assumed these notes to the extent of $3,000. The result is that Mr. Martin has become the payor of the notes and the bank the payee. But the notes have not been paid, except to the extent that Mr. Martin has made payments on his $3,000 note, and the notes and mortgage are held by the bank as security for the balance due upon that note. So it is apparent that the notes secured by the mortgage have not been paid and the mortgage has not been satisfied, and will not be satisfied until the Martin note, originally for $3,000, now for $1,900, has been paid. That the bank is authorized under these circumstances to foreclose the mortgage held by it as collateral security for the note of Mr. Martin is without question. *Hillman v. Stanley,* 56 Wash. 320, 105 Pac. 816; *Bank of Montreal v. Howard,* 44 Wash. 10, 86 Pac. 1115. Under the last case, the bank clearly had the right to foreclose the mortgage for the amount due upon the note for which the mortgage was collateral security.

It is argued by the appellants that Mrs. Martin took the property as her separate property without notice of the mortgage sought to be foreclosed in this action. The mortgage was of record and she was bound to take notice of it. She therefore took the property subject

to the mortgage, even if it might be held that the property was her separate property.

Counsel for appellants make some contention that the evidence shows that the $3,000 note of Mr. Martin has been paid. We find no evidence in the record to justify that contention. The evidence of Mr. Martin himself as to the payment of the note is at least unsatisfactory and, we think, does not amount to a statement that the note had been actually paid. On the other hand, the testimony for the respondent clearly shows that it had not been paid, and at the time of the last payment, Mr. Martin himself had executed the renewal note. The fact that the original $3,000 note has been renewed does not change the character of the debt. The rule is that a change in the form of a debt does not affect the security. *Straw-Ellsworth Mfg. Co. v. Cain,* 20 Wash. 351, 55 Pac. 321.

The demurrer was properly overruled. The facts contained in the statement we have made are substantially the facts alleged in the complaint and, no doubt, stated a cause of action. We find no merit in the other assignments of error and are convinced that the judgment of the lower court is correct, and it is therefore affirmed.

HOLCOMB, C. J., BRIDGES, TOLMAN, and FULLERTON, JJ., concur.