[No. 21944. Department One. January 2, 1930.]

JOHN DAVIS & COMPANY, *Appellant,* v. WILLIAM BEDGISOFF *et al., Respondents.*[1]

*Chas. F. Munday,* for appellant.
*Vanderveer & Levinson,* for respondents.

MITCHELL, C. J.—Defendants Bedgisoff and wife and others made and delivered to A. Bridge their nego-

[1] Reported in 283 Pac. 665.

tiable promissory note in the sum of twenty-seven hundred dollars and at the same time gave him a mortgage on real property to secure the payment of the note. Before maturity of the note, Bridge indorsed and delivered it, together with an assignment of the mortgage, to John Davis & Co., a corporation, the plaintiff in this action, as collateral security for the payment of certain money loaned to him by the corporation. Thereafter, and before maturity, consideration for the note and mortgage completely failed so that the makers would have had a complete defense to any suit by Bridge on the note and mortgage. John Davis & Co. brought suit on the note and mortgage against the makers of the instruments. Upon appropriate pleadings, the action was tried by the court, and resulted in a judgment dismissing the action. The plaintiff has appealed.

The principal contention on behalf of the appellant is that, upon taking the note and mortgage as collateral, it became vested with the full legal title to the instruments, with the right to collect from the makers the full amount represented by the instruments, whether the amount owing to it by Bridge was more or less than the face value of the note and mortgage, and irrespective of any defense that the makers might have, were they sued upon the note and mortgage by the payee.

On the contrary, the respondents contend that, after failure of consideration for the note and mortgage, the indorsee holding the instruments as collateral security cannot, under our statute, recover against the makers anything in excess of the amount due by the indorser to the indorsee on the particular debt for which the instruments were held as collateral, and that, the proof in this case failing to show how much of

that debt was due, the plaintiff was not entitled to recover and that the action was properly dismissed.

Appellant relies on authorities from other courts and on the case of *Hillman v. Stanley*, 56 Wash. 320, 105 Pac. 816. We need not discuss the cases from other courts, for, assuming that they hold as counsel contends they do, they are at variance with § 27 of our negotiable instruments act of 1899 (Laws of 1899, p. 346, § 27), the same being Rem. Comp. Stat., § 3418, as construed by our cases. In the case of *Hillman v. Stanley, supra,* cited by counsel for the appellant, the suit was against the maker of the note indorsed by the payee and delivered to the plaintiff as collateral to a loan. The defendant, maker of the note, did not plead want or failure of consideration as applied to the payee who had indorsed and delivered the note to the plaintiff in the action, although he unsuccessfully attempted to do so. True, the court said,

"The indorsee of a promissory note, even though he took it as collateral to a loan, is the owner of the note, and can collect the full amount of the sum from the maker regardless of the state of the account between the indorsee and the person from whom he received it."

But it was immediately said,

"If the maker had a defense against the note in the hands of the indorser a different question would arise, but no such contention is made in the pleadings in this case."

It is a contention of the latter kind referred to in the case just spoken of that is made in the pleadings and established by the proof in the present case.

In *German American Bank v. Wright*, 85 Wash. 460, 148 Pac. 769, Ann. Cas. 1917D 381, the bank sued on a check which we found the bank held as collateral. In discussing the question as to whether the bank was a

holder for value in due course, four sections of our negotiable instruments act were quoted, the last one of which, now Rem. Comp. Stat., § 3418, is as follows:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

Then the court said:

"Clearly the respondent had a lien on the instrument arising from contract, and, as declared by the last section above quoted, it was a holder for value to the extent of that lien."

Still further, in the opinion in that case, reference was made to the case of *Canadian Bank of Commerce v. Sesnon Co.*, 68 Wash. 434, 123 Pac. 602, wherein this court said:

" 'In this state (and in the absence of a contrary showing we will presume the law of the place of indorsement to be the same) an indorsee of a note taken as collateral security is a holder in due course to the extent of his interests, if the note is taken before maturity and without notice of any existing equities between the maker and the original payee. *Peters v. Gay*, 9 Wash. 383, 37 Pac. 325. But the rights of such a holder are restricted to his interests; the rule being that, where the maker of a negotiable instrument, indorsed as collateral security, has a defense against the original payee of the instrument, the indorsee can in no event enforce payment in excess of the amount which the note is pledged to secure.' "

Again, in *Citizens Bank & Trust Co. v. Limpright*, 93 Wash. 361, 160 Pac. 1046, discussing the same question, we said:

"But it does not follow that appellant is entitled to recover the full balance due on the note. The evidence is conclusive that it took the note as collateral to a loan for eighty per cent of its face, or $1,280. The statute . . . declares:

" 'Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien.'

"Appellant has a lien upon the note arising from contract. Under this statute it is to be deemed the holder for value only to the extent of that lien."

In this case, an officer of appellant corporation testified that the corporation loaned A. Bridge and wife certain money and took the note referred to and the assignment of mortgage as part of the security for the repayment of that loan. Such being the case, and it being established by the pleadings and proof that the defendants had a complete defense to any suit that A. Bridge might have brought on the note and mortgage, it was incumbent upon the appellant to prove the amount of Bridge's indebtedness to the appellant on the loan in question for which the instruments were given as collateral. This the appellant did not do. The trial court remarked in deciding the case, "No testimony was produced at the trial showing the amount for which the note and mortgage were taken by the plaintiff as collateral security."

The same officer, upon direct examination, after admitting that he did not personally handle the transaction with Bridge in making the loan to him, testified, over objection on behalf of the respondents, as to the total amount of the present indebtedness of Bridge to the appellant corporation, stating an amount that was in excess of the amount of the note and mortgage in suit; but in cross-examination he admitted that, in thus stating the amount of the indebtedness, he included other items than the one for which the indorsed note and assigned mortgage were given as collateral, there being no segregation of the several amounts. His testimony in that respect was as follows:

"Q. In stating the amount of his present indebtedness to you, did you include commissions which you claim he owes you for various things? A. I did."

Thereupon respondents moved to strike all of his testimony as to the amount of indebtedness because "it now appears conclusively that, in stating the indebtedness, he has taken account of matters other than the loan for which the security was pledged." The court, upon indorsing that view, granted that motion and struck the testimony of the witness. The striking of this testimony is assigned by the appellant as error. Its complaint in this regard is in our opinion without merit because the testimony was too indefinite upon the question at issue and obviously uncertain as to the amount still due by Bridge to the appellant corporation on the particular indebtedness for which the instruments were given as collateral. No attempt was made by or on behalf of the appellant to remedy this uncertainty, which necessarily led to the judgment of dismissal from which the appeal has been taken.

Affirmed.

TOLMAN, BEALS, MILLARD, and PARKER, JJ., concur.