SEBRING, Justice.
This litigation involves twenty of a series of twenty-five time warrants, in the face amount of $1,000 each, issued in 1923 by the appellee, Board of Public Instruction for Sumter County, Florida, pursuant to Chapter 6654, Special Acts of 1913, which authorized their issuance “upon the common school fund of Sumter County,” and provided that the Board should “set apart out of the County school funds of Sumter County, Florida, sufficient moneys to meet and pay [the obligations].” By their terms, five of the twenty warrants involved matured in 1933, five in 1938, and ten in 1943. Each of the warrants contained a promise to pay the face amount thereof and “interest thereon at the rate of 6% per annum, interest payable semi-annually on the first day of January and the first day of July in each year until the principal sum thereof shall be fully paid, upon presentation and surrender of the respective coupons hereto *436 annexed, as they severally become due.” Each also included the provision that it was “payable out of the Common School Funds of Sumter County, Florida,” and that “the full faith, credit and resources of the said Board of Public Instruction in and for Sumter County, Florida, are pledged for the * * * payment * * * hereof.” See Wright v. Board of Public Instruction of Sumter County, Fla., 48 So.2d 912, wherein the validity of these warrants was upheld.
When the twenty-five warrants were issued by the Board in 1923, they were purchased by the Citizens Bank of Bushnell. Shortly after this purchase the Citizens Bank hypothecated the twenty-five warrants, of the aggregate face value of $25,-000, and certain other collateral, with the Union Trust Company of Baltimore, Maryland, as security for an indebtedness owed by Citizens Bank to Union Trust Company in the principal amount of $15,000. In due course, the Board paid off the five warrants becoming due and payable in 1928, which left the remaining twenty warrants outstanding in the hands of Union Trust Company to secure the indebtedness owed it by Citizens Bank of Bushnell.
At some later date, the Citizens Bank of Bushnell was placed in receivership. Subsequently, on September 13, 1934, the liquidator of the Bank, in consideration of the surrender of a promissory note of the Citizens Bank, in the sum of $22,265.24, held by Union Trust Company, to evidence the debt of the Bank, assigned and transferred to Union Trust Company all right, title and interest in and to the instruments which Union Trust Company held as security for the payment of the debt; namely, the said twenty time warrants, of the face value of $20,000, and two certain promissory notes payable to the order of Citizens Bank as payee on which there was an aggregate balance due of $4,429.76. On February 21, 1939, the plaintiff, Ed C. Wright, purchased the twenty time warrants from Union Trust Company for the sum of $3,600. Thereafter he instituted the present suit to enforce payment of the face amount of said warrants and the interest coupons attached thereto, plus interest on both the warrants and the interest coupons.
To the complaint filed in the cause the defendant filed defenses to the legal effect that the plaintiff was neither a holder in due course nor a holder who derived his title through a holder in due course and that consequently the warrants in the hands of the plaintiff were subject to all personal defenses which the Board of Public Instruction might have interposed against Citizens Bank of Bushnell, the original purchaser, among which was the defense of partial failure of consideration. Also set up as a defense to the complaint was the plea that the warrants were non-negotiable instruments from their inception and consequently were subject to all personal defenses which the maker thereof might lawfully interpose against the original holder and its assignees in title.
The cause came on for hearing before the trial court, without a jury, who found from the evidence, in respect to the original twenty-five warrants issued in 1923 and payable five in 1928, five in 1933, five in 1938 and ten in 1943, that “the total amount which the Board of- Public Instruction of Sumter County, Florida, ever received for said time warrants is * * * $15,000.00 that “about the time that said warrants were delivered to the Citizens Bank of Bushnell, said bank was indebted to Union Trust Company of Baltimore, Maryland, in the sum of $15,000.00 and it hypothecated the 25 time warrants of the aggregate face value of $25,000.00 with said Union Trust Company as security for said indebtedness. The Board * * * paid the Time Warrants which fell due on September 1, 1928, leaving outstanding, in the hands of Union Trust Company * * * [the remaining twenty warrants]. On February 21, 1939, the plaintiff, Ed C. Wright, purchased said Time Warrants from said Union Trust Company for the sum of $3,600.00. Prior to said purchase plaintiff [Wright] knew that the Board of Public Instruction had received only $10,000.00 for the twenty warrants of the aggregate principal amount of $20,-000.00.”
*437 The trial court found further that the time warrants were payable out of a particular fund and therefore were non-negotiable, with the consequence that all transferees and assignees of the warrants took them subject to the same defenses that the Board of Public Instruction might have interposed against Citizens Bank of Bushnell, the original holder.
Finally, the court found that the plaintiff was not entitled to recover interest after maturity, either as to the time warrants or as to the interest coupons attached thereto.
In accordance with these findings the trial court rendered a judgment in favor of the plaintiff and against the Board of Public Instruction, in “the sum of $10,000.00 as principal and the sum of $4,800.00 as interest as evidenced by the interest coupons attached to said Time Warrants, or the aggregate sum of $14,800.00 principal and interest, together with the costs of this proceeding * * * said sums to be paid out of the common school fund of Sumter County, Florida, and not otherwise.”
The plaintiff has appealed from this judgment and questions the several findings and rulings of the trial court.
From our study of the record we are of the opinion that there is sufficient evidence to sustain the findings by the trial court that the Board of Public Instruction received only $15,000 for the twenty-five time warrants of the face value of $25,000; that the Citizens Bank of Bushnell hypothecated the twenty-five time warrants to Union Trust Company to secure an indebtedness in the principal sum of $15,000; and that the Board paid off and retired the five time warrants which fell due on September 1, 1928, leaving outstanding in the hands of Union Trust Company the remaining twenty warrants of the face value of $20,000 as security for the debt owed to Union Trust Company by Citizens Bank of Bushnell. There is also sufficient evidence in the record to support a finding that the plaintiff Wright purchased the time warrants from Union Trust Company, on February 21, 1939, for the sum of $3,600 and that at and prior to the time of the purchase Wright knew that the Board contended that it had received only $10,000 for said twenty warrants. However, our approval of the correctness of the findings of the trial court does not necessarily mean that the judgment appealed from must be affirmed; for we find that the trial court made certain findings other than those specifically set out in this paragraph which, in our opinion, are erroneous and which require a reversal of the judgment.
We cannot agree, for example, that the warrants in question are non-negotiable because they “are payable out of a particular fund” and are therefore subject, in the hands of any holder, to the defense of partial failure of consideration. In respect to this point this case is governed by the principles stated in the recent decision handed down in Board of Public Instruction of Putnam County v. Wright, Fla., 77 So.2d 770, 773, wherein it is said: “ * * * the negotiability of any instrument * * * is determined by the presence, or absence, of the legal elements of negotiability rather than by any declaration as to its nature. * * * While it is the rule that an order or promise to pay an instrument only out of a particular fund renders the instrument non-negotiable, it is equally the rule that a mere ‘indication of a particular fund out of which reimbursement is to be made’ does not affect negotiability. Section 674.04, Florida Statutes 1951, F.S.A.” In view of the fact that the language of the statute, Chapter 6654, Special Acts of 1913, and the warrants in the present case is simply that the obligations shall be “payable out of the Common School Fund,” and not that they shall be payable only from that fund, and in view of the further fact that there is in addition a pledge of the full resources of the Board, the rule stated in Board of Public Instruction of Putnam County v. Wright, supra, is applicable; namely, that a provision for payment from a certain source, in the absence of language limiting payment to that source alone, “does not constitute a mandatory restriction on the source of payment and does not render the [instruments] non-negotiable if they are issued as general obligations of the maker. 43 Am.Jur., Pub *438 lic Securities and Obligations, section 163; Keck v. Yakima Savings & Loan Ass’n, 160 Wash. 430, 295 P. 483, and other cases in annotation 42 A.L.R. at page 1031; see also section 674.04, Florida Statutes 1951, F.S.A.”
There is still another conclusion reached by the trial court with which we cannot agree. So far as we can find from the record there is not one scintilla of evidence that at the time Union Trust Company received the time warrants from Citizens Bank of Bushnell as security for the repayment of money lent by Union Trust Company to the Citizens Bank, the lender, Union Trust, did not acquire the warrants in good faith or that it had any knowledge that full consideration had not been paid in the first instance for the issuance of the warrants. Therefore, under applicable statutes, Union Trust Company acquired a lien on the warrants and became a holder in due course of the instruments by accepting them from Citizens Bank as collateral for the loan; subject, of course, to the specific limitations of the statute by which such a transferee is deemed to be a holder in due course; namely, that “where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien.” Section 674.30, Florida Statutes 1951, F.S.A. (Emphasis supplied.) Beutel’s Brannon, N.I.L., 7th ed., Sec. 27, p. 534; 8 Am.Jur., Bills & Notes, Sec. 439; First Nat. Bank & Trust Co. of Muskogee v. Heilman, 10 Cir., 62 F.2d 157; Adolph Ramish, Inc., v. Woodruff, 2 Cal.2d 190, 40 P.2d 509, 96 A.L.R. 1146; Wyche v. Bank of Campbell County, 161 Ga. 329, 130 S.E. 566; Bedinger v. Citizens’ National Bank of Covington, 212 Ky. 486, 279 S.W. 622; Thomas v. Siddens, 230 Ky. 651, 20 S.W.2d 482; Aab v. French, Mo.App., 279 S.W. 435; Bankers’ Commercial Sec. Co. v. Piercy Corp., 145 Misc. 649, 260 N.Y.S. 127; South Side Bank of Scranton v. Raine, 306 Pa. 561, 160 A. 446; National Bank of Commerce of New York v. Bottolfson, 55 S.D. 196, 225 N.W. 385, 69 A.L.R. 892; Kincaid v. Lee County State Bank, Tex. Civ.App., 4 S.W.2d 310, and John Davis & Co. v. Bedgisoff, 155 Wash. 127, 283 P. 665.
What the extent of this lien is, in dollars and cents, does not plainly appear from the record. All that we know from the record is that during the time the Union Trust Company held the entire issue of twenty-five warrants as collateral security for the-payment of a $15,000 loan, with interest, the-five warrants falling due in 1928 were retired by payment; that, thereafter, only twenty warrants were retained by the Trust Company as security for the principal and interest owed it by Citizens Bank of Bushnell ; that this principal and interest, whatever the full amount may be, is the extent to which the Union Trust Company held a lien on the warrants.
It is clear from the evidence that by a compromise agreement with the liquidator of the Citizens Bank of Bushnell on September 13, 1934, Union Trust Company acquired complete title to the warrants in-question, independent of any lien the Trust Company might theretofore have had' against the warrants by reason of the fact that the warrants were being held as collateral for the indebtedness owed by Citizens Bank. And although the trial court made no specific finding on the point, it is. equally clear from the evidence that prior to this transaction with the liquidator the. Trust Company had notice of alleged defects in the instruments and consequently did not become a holder in due course by virtue of that transaction. Therefore, its. position as a good faith holder in due course of the instruments could not rest upon the title acquired by it in the sale from the liquidator but had to rest upon its prior interest as lienor arising by reason of the fact that it held the warrants as collateral.for the loan.
Manifestly, when the plaintiff Wright purchased the warrants from Union Trust Company in 1939 he acquired the instruments subject to section 674.60, Florida. Statutes 1951, F.S.A., which provides: “In the hands of any holder other than a holder in due course, a negotiable instrument is. *439 subject to the same defenses as if it were nonnegotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter.” (Emphasis supplied.) Wiers v. White, 142 Fla. 628, 196 So. 206. For the proposition that these derivative rights inure to a purchaser after maturity, see United States v. Bryant, D.C.Fla., 58 F.Supp. 663, affirmed 5 Cir., 157 F.2d 767.
In view of the finding by the trial court that the plaintiff Wright acquired the warrants from Union Trust Company with notice of the contention of the Board of Public Instruction that there was a partial failure of consideration for the issuance of the warrants, at the inception, the plaintiff’s right to sue and recover on the warrants free of the defense of failure of consideration, depends entirely upon the second sentence of’section 674.60 quoted above, which gives to a holder who derives his title through a holder in due course “all the rights of such former holder in respect of all parties prior to the latter.”
As has been noted, the only property right that Union Trust Company ever had in the time warrants as a holder in due course was a lien on the warrants to secure the payment of the debt owed it by Citizens Bank of Bushnell. Therefore because of the express limitations contained in section 674.60, supra, the extent of the property right acquired from Union Trust Company by Wright that could be enforced against the Board of Public Instruction, free from personal defenses, amounted to the extent of the lien held by Union Trust Company for the satisfaction of the debt. Wright did not acquire the whole title to the warrants, free from personal defenses, because as to the rvhole title Union Trust Company was not a holder in due course.
We find that the trial court erred in its ruling in respect to the recovery of interest after maturity on the time warrants involved herein, and the interest coupons issued therewith. On this point, the decision in Board of Public Instruction of Putnam County v. Wright, supra, is controlling.
Having reached the conclusions that the plaintiff has the right to recover on the warrants, free of personal defenses, to the extent of the lien of the good faith holder of the instruments from whom the plaintiff derived his title, we are of the view that the judgment appealed from must be reversed and remanded for a new trial in accordance with the principles set forth herein.
It is so ordered.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.
TERRELL, THOMAS, and MATHEWS, JJ., dissent.