DREW, Justice.
This cause has been pending in the courts for a period of more than ten years. This is its third appearance here.
The litigation revolves around $20,000 par value County of Sumter school warrants issued by the Board of Public Instruction of said County on September 1, 1923, pursuant to Chapter 6654, Special Acts of 1913. In the first appearance of this case here, Wright v. Board of Public Instruction, Fla.1950, 48 So.2d 912 (hereafter called first appeal) we reversed the decree of the lower court which held the bonds were issued without lawful authority and were violative of constitutional provisions and upheld the validity of the bonds.
The cause was thereafter heard by the trial court without a jury and resulted in a verdict in favor of the appellant Wright for the sum of $14,800. This judgment was appealed to this Court and disposed of by an opinion prepared for the Court by Mr. Justice Sebring. Wright v. Board of Public Instruction, Fla.1955, 77 So.2d 435, 438 (hereafter called second appeal). No useful purpose would be served by a detailed recitation of the facts in and the background of this litigation, both of which are fully set forth in the opinions of this Court in the two appeals above referred to. In the second appeal, this Court plainly held, contrary to the contention of the public authority, that the subject bonds were negotiable. Moreover, we determined in that case that the lower court erred when he failed to allow interest after maturity on the time warrants and the interest coupons attached.
The principal point, however, decided in the second appeal was our holding that “Union Trust Company acquired a lien on the warrants and became a holder in due course of the instruments by accepting them from Citizens Bank as collateral for the loan; subject, of course, to the specific limitations of the statute by which such a transferee is deemed to be a holder in due course; namely, that ‘where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien.’ ” Moreover, as to the appellant Wright, the assignee of Union Trust Company, we said: “Manifestly, when the plaintiff Wright purchased the warrants from Union Trust Company in 1939 he acquired the instruments subject to section 674.60, Florida Statutes 1951, F.S.A., which provides: ‘In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any frcmd or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to *405 the latter.’” (Emphasis added.) We further held that such derivative rights inure to a purchaser after maturity.
In the second appeal we concluded by stating “Having reached the conclusions that the plaintiff has the right to recover on the warrants, free of personal defenses, to the extent of the lien of the good faith holder of the instruments from whom the plaintiff derived his title, we are of the view that the judgment appealed from must be reversed and remanded for a new trial in accordance with the principles set forth herein.” (Emphasis added.)
The matter was again considered by the trial court pursuant to the mandate in the second appeal. This hearing before the trial court resulted in a judgment that the “plaintiff take nothing by his suit and that the defendant go hence without day.” The matter is again before us on an appeal from this judgment.
Appellant contends and the appellee admits that the trial court erred in failing to enter a judgment for the appellant Wright. The controversy in this appeal revolves around not whether plaintiff is entitled to a judgment but the amount of the judgment that should have been entered for him under the requirements of the opinion, judgment and mandate in the second appeal and the record which the lower court had before it. The appellee contends that the appellant is entitled to recover only the principal sum of $10,000 represented by the warrants maturing on September 1, 1938, together with the interest coupons annexed thereto, interest on the bonds at maturity at 6% per annum and interest on the coupons at maturity at 8% per annum or a total of $38,692, said interest being calculated to September 1, 1956. This calculation of the appellee is based upon the proposition that the appellant acquired full title to ten warrants with interest coupons attached from the Union Trust Company of Maryland but that the other ten warrants with the coupons attached were subject to the defense of the Board of Public Instruction of Sumter County that it had never received payment for the same.
The appellant, on the other hand, contends that the Union Trust Company, Wright’s transferor, being a holder in due course to the extent of the lien on the warrants under the law of the case as laid down in the second appeal is entitled to recover the full amount of the two notes held by Union Trust Company aggregating $22,264.28 principal and interest or a total of $58,914.09. This figure includes interest to August 3, 1956.
The appellee questions the fact that these time warrants, aggregating $25,-000, ever were actually pledged to the Union Trust Company. It argues that the resolution of the Citizens Bank of Bushnell of March 1, 1927 authorizing the president and cashier to borrow the sum of $28,480.95 from the Union Trust Company of Maryland and to secure said loan by pledging the subject time warrants is not sufficiently established; moreover, it argues, such resolution does not in fact pledge such securities but merely authorizes the proper officers of the bank to do so. It must be remembered that these transactions . took place some thirty years ago and that since that time the Bushnell bank failed, was placed in the hands of a liquidator and its assets disposed of. There does appear in the record, however, a petition by the liquidator of the Citizens Bank of Bushnell, filed in 1934, reciting that at the time of the failure of the said bank, it was indebted to the Union Trust Company in the sum of $22,265.24 and that to secure such indebtedness there had been delivered by the Citizens Bank to the Union Trust Company and pledged to the payment of said note, 20 Sumter County school warrants (5,000 of the original pledged collateral having been redeemed) and requesting permission to transfer the title to such obligation to the Union Trust Company in cancellation of said indebtedness. We think this petition, the consequent order of the circuit court approv *406 ing it, a copy of the resolution appearing vn the record, and the testimony of Mr. Tidings, assistant vice-president of the Union Trust Company, given at the last hearing before the trial judge, adequately fill in any gap that might exist between the adoption of the resolution and the actual pledging of the warrants themselves. We think the record adequately establishes that the Citizens Bank of Bushnell was indebted to the Union Trust Company in the sum of $22,265.24 and that the warrants which are the subject of this litigation were pledged to the Union Trust Company as security for the payment of that indebtedness long before the Union Trust Company had any knowledge of any defect in the title to these bonds. This being true, we think the conclusion is inescapable that under our last opinion and judgment in the second appeal, the appellant Wright is entitled to recover the amount of such indebtedness and lawful interest from the appellee, said amount being less than the total amount of principal and interest due upon said warrants. This is “the extent of the lien of the good faith holder of the instruments from whom the plaintiff derived his title” referred to in the second appeal. It is true that in the opinion in 77 So.2d 435, 438, we stated:
“What the extent of this lien is, in dollars and cents, does not plainly appear from the record. All that we know from the record is that during the time the Union Trust Company held the entire issue of twenty-five warrants as collateral security for the * * * principal and interest owed it by Citizens Bank of Bushnell; that this principal and interest, whatever the full amount may be, is the extent to which the Union Trust Company held a lien on the warrants.”
The conclusion that in referring to “whatever the full amount may be” we were confining that subject to the original loan of $15,000 is not justified. The very basis of our reasoning in that case and the keystone of its holding was that the Union Trust Company was entitled to recover the full amount of its lien and to that extent it could look to the security it held for payment, and that such right was possessed by its assignee, Wright, and could be enforced by him.
The questions of law basically involved in this appeal were ably discussed and finally determined either in the opinion of Mr. Justice Sebring in the second appeal or in the opinion of Mr. Justice Chapman in the first appeal. No useful purpose would be served by further discussion of them here.
Appellant and appellee have requested, in view of the fact that this cause has been pending in the courts so long, that this Court dispose of it by the entry of such judgment as we conclude should be entered. Ordinarily where a judgment is reversed by this Court, it is sent back to the trial court for the entry of a judgment in accordance with the conclusions reached by us. However, in view of the evident disagreement of the trial court with both the correctness and wisdom of the former opinions of this Court in this case, as expressed in the opinion and judgment before us, and the trial court’s reluctance, if not actual refusal, to carry out the mandate in the second appeal, we have concluded to exercise our power under Sec. 59.34, Florida Statutes 1951, F.S.A. and enter the judgment which the lower court should have entered. Accordingly, it is
Ordered, that the judgment appealed from be and the same is hereby vacated. It is further
Ordered and Adjudged that the appellant, plaintiff in the lower court, Ed C. Wright, do have and recover of and from the defendant Board of Public Instruction for the County of Sumter, State of Florida, a body corporate, the sum of $58,914.09, plus interest at the daily rate of $3.70 from and after August 3, 1956, to the day of the filing of this opinion and thereafter *407 at 6% per annum, plus costs to be hereafter taxed upon application to this Court.
Reversed.
THOMAS, HOBSON and O’CON-NELL, JJ., concur.
TERRELL, C. J., and ROBERTS and THORNaL, JJ., dissent.