WENTWORTH, Senior Judge,
dissenting.
I would reverse the summary judgment for error in its conclusion that Ch. 673, F.S., makes the appellee bank a holder in due course entitled to payment of the state warrant without regard to defenses against the payee Ted’s Sheds.[1]
The trial court’s reasoning is essentially that the warrant is unconditional and therefore negotiable because “Sec. 673.105(l)(g) addresses the circumstances under which a promise or order in a government instrument is deemed ‘unconditional’ within the definition of negotiability.” But the cited provision states only that a government instrument “otherwise unconditional is not made conditional by the fact that the instrument ... is limited to payment out of a particular fund.” (e.s.) It therefore recognizes that government warrants may be otherwise conditional and nonnegotiable. In fact the provision simply incorporates prior decisional law in Florida on the “particular fund” issue. The Supreme Court sitting en banc in Wright v. Bd. Public Instruction, 77 So.2d 435 (Fla.1955), held that when time warrants lawfully provided that “the full faith, credit and resources of the said Board ... are pledged,” then “a provision for payment from a certain source ... ‘does not render the [instruments] non-negotiable if they are issued as general obligations of the maker.’ ” (e.s.) 77 So.2d at 437.
The Wright decision does not, as appellee contends, depart from prior decisions which, even absent a particular fund restriction, denied negotiability to government warrants not issued as general obligations of the maker. Town of Bithlo v. Bank of Commerce, 92 Fla. 975, 110 So. 837 (1926); authorities collected A.G.O. 073-101, Annual Report of the Attorney General, State of Florida. Instead of an inadequately explained public policy, those decisions appear to me to be properly grounded on the conditional nature of such warrants under numerous provisions of general law which have remained similar in substance and clearly are not altered by the adoption of Chapter 673.[2] Compare sections 18.02, 215.31, 215.35, 215.43, Florida Statutes (1965), with sections 18.02(1), 215.31, 215.35, 215.43, 216.311(1), 216.331, 216.351, Florida Statutes (1989).
Upon the record in this case I would assume that the warrant in question complied with such provisions as that requiring “All warrants ... shall be ... coded to show the fund, account, purpose and department involved in the issuance.” § 215.35, Fla.Stat. The conditions reflected by such disclosures are obvious, as well as restrictions stated in the same cited section that “No warrant shall issue until ... authorized by an appropriation,” and in Sec. 215.31 that “no money shall be paid _except as appropriated.” The public policy doctrines loosely referenced in early decisions may lie in the role of government as the conservator of public funds extracted involuntarily from the people by way of taxation, which funds before collection through taxation cannot be spent by government absent specific authority of the taxpayer. Absent legal authorization to commit the taxing power of government *584 to meet a demand for payment, there is reserved to the government the right to deny payment while asserting defenses it might have against the payee of the instrument.
Chapter 91-216, § 1, Laws of Florida, declared and confirmed my conclusions above as to the warrant in this case when it added subsection 673.104(4) to provide “No warrant issued by the Comptroller of the State of Florida directing the Treasurer to pay a sum certain shall be considered a negotiable instrument within the meaning of this chapter.” Although we do not have to address the amendment in this case, I would recognize that the particular language of the amendment references warrants subject to the statutory conditions listed above and requires careful construction in pari materia with other provisions of the code.[3]
I would reverse and remand for a hearing upon the asserted defenses.

. The trial court found that Ted’s Sheds, the payee of the warrant here in question, had obtained that new replacement warrant "based on a stop payment order it placed after a company with the same officers admittedly received and negotiated the first warrant.”

. Sec. 671.103, F.S., provides:
671.103 Supplementary general principles of law applicable. — Unless displaced by the particular provisions of this code, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

. See Sec. 671.104, F.S., for provision against implied repeal of existing code provisions by amendatory legislation not explicitly specifying sections affected.